Warner, Chief Justice.
1. This was an action of ejectment brought by the plaintiffs *138 against the defendant to recover the possession of part of a city-lot in the city of Atlanta. The defendant filed an equitable plea, setting forth that the premises in dispute had been sold by the plaintiffs’ intestate, in the year 1853, to one Dubler, under whose title the defendant claimed, for the sum of $300; that the lot, at the time of the purchase, was inclosed by a picket fence; that the plaintiffs’ intestate sold to Dubler all the land included within that fence; that the deed to said premises was written by the plaintiffs' intestate through mistake, and described therein the line on a certain alley as being only fifty-one and one-half feet, when it should have been eighty-six feet; that the deed does not, in consequence of said mistake, speak the truth and intention of the parties to the contract.' The only issue made and submitted to the jury on the trial, as certified by the presiding Judge, was as to the mistake in the deed, as alleged in the defendant’s plea. The jury found a verdict for the defendant. The plaintiffs made a motion for a new trial, which was overruled, and the plaintiffs excepted. There was no error in admitting the answer of Eisenhurst to the question, “Was it (the lot) or not sold by Bridwell as it stood in the inclosure at the time?” . This *was a circumstance going to show what was the intention of the parties at the time of making the contract. If the plaintiffs’ intestate sold, and Dubler purchased all the land included within the picket fence, and the deed therefor specified a less number of feet than was actually embraced within the limits of the inclosure, the evidence was admissible as a circumstance from which the jury might infer that there was a mistake in the ffeed. The question for the jury to decide was, whether all the land included within the picket fence was sold, and if it was, did the deed speak the truth as to the number of feet sold, according to the contract and intention of the parties, or was the description ,of the number of feet mentioned in the deed inserted by mistake or fraud?
2. There was no error in admitting the answer of the witness, Eisenhurst, to the twenty-first cross-interrogatory put by the plaintiffs, in view of the facts. disclosed in this record. The witness, in his direct examination, had testified as to the sale of the lot by Bridwell to Dubler, and as to the circumstances under which that sale was made. The witness had stated, on his direct examination, in connection with other facts attending the sale, that Bridwell had first induced him to go and see the lot and buy it, but as he did not care much about purchasing it, he induced his partner, Dubler, to buy it. Dubler took the lot, and he advanced the money to pay for it. To weaken the force of the' testimony of the witness on his direct examination, in regard to the sale of the lot as embraced within the inclosure of the fence, the plaintiffs’ counsel, on cross-examination-, asked the witness, “Where was the trade made between Bridwell and Dubler?” “Bridwell offered me the lot, in my shoe shop, on Whitehall street, for $300 00; the trade was not made there; they then left, *139 and Dubler came back afterwards and told me he had bought the lot; I don’t know what they said when they were out; Dubler said he had to throw in a pair of footed boots.” The answer having been drawn out by the plaintiffs, we see no material error in the Court allowing him to answer it. The witness is merely stating his reasons for knowing where the trade was made.
*3. On the re-direct examination of the same witness, he was asked if, previous to the consummation of the trade between Dubler and Bridwell for the lot sued for, he and Dubler and Bridwell were on the lot, examining it, did Bridwell point the lines out, and if so, by what were they marked? The witness answered, ,rWe were present on the lot, previous to the consummation of the trade, examining it; the lines were pointed out by Bridwell, and marked by the fence then around it.” This evidence was also objected to, but, in our judgment, it was properly admitted, as going to show what was the intention of the parties to the contract, and relevant to the question of either fraud or mistake in the execution of the deed.
4. It is true that the mistake in the deed must have been made at the time of its execution, and, although the charge of the Court is not set forth in the record, we will presume that the Court charged the law correctly in relation to that point in the case, especially as no exception was taken to it.
5. There is a good deal of evidence in the record going to show that the words containing the number of feet, as expressed in the deed, was entirely inconsistent with the expressed intention of the parties at the time of the sale of the lot; the conduct of the parties thereto at the time, and the acquiescence of the plaintiffs’ intestate for many years after the sale, added to the fact that Dubler, the purchaser, was an ignorant Dutchman, who could neither read nor write, we feel constrained to say, in view of all the facts disclosed by the record in this case, that there was no error in refusing the motion for a new trial.
Bet the judgment of the Court below be affirmed.