Walls *et al. v.* State, *ex rel.* Mallott, Auditor of Lawrence Co., *et al.*

No. 16,887.

WALLS ET AL. *v.* THE STATE, EX REL. MALLOTT, AUDITOR OF LAWRENCE COUNTY, ET AL.

MORTGAGE.—*Foreclosure.—Reformation.—Demand.—Deed.*—In an action to reform and foreclose a mortgage, it is not necessary to allege and prove a demand for a reformation of such mortgage before suit brought; nor need such a demand be made. In an action for reformation of a deed, a demand must be first made.

SAME.—*Reformation of Mortgage.—Sufficiency of Complaint.*—A complaint only for the reformation of a mortgage containing an erroneous description, should set out the land mortgaged, the mistake which occurred, and the prayer for relief should be for the reformation of the instrument in accordance with the correction of the mistake.

SAME.—*Reformation.—Notice to Subsequent Purchaser of Error in Description.*—Where an error in the description appears on face thereof on record of the mortgage, that is sufficient notice to a subsequent purchaser to put him on his guard.

SAME.—*Notice to Innocent Purchaser.—Reservation of Mortgage from Warranty.*—The grantee in a deed containing a reservation from the warranty thereof of any and all mortgages on the land conveyed, is chargeable with notice of any mortgage that may be thereon.

SUPREME COURT PRACTICE.—*Intermediate Errors.*—If the judgment is right, there can be no reversal, even though a conclusion of law made by the court may be erroneous.

SAME.—*Duty of Appellee to Place Brief on Record.*—It is the duty of appellee's counsel to follow his cause to the Supreme Court, and there place on file a brief, maintaining the correctness of the proceedings and judgment of the trial court.

SAME.—*Brief.—Requisites.*—The arguments in a brief should be short and pointed, and be supported by carefully selected authorities.

From the Lawrence Circuit Court.

*T. J. Brooks* and *J. H. Willard,* for appellants.

*A. G. Smith,* Attorney-General, and *W. H. Martin* for appellees.

HOWARD, J.—This was an action brought by the appellee to reform and foreclose a school fund mortgage. The land mortgaged had been sold twice subsequent to the

date of the mortgage, and at the time of the bringing of this action it was owned by the appellant Willard.

The complaint is first assailed as defective for the reason that it shows no demand made upon appellant for reformation of the mortgage prior to the commencement of the action; and we are referred to *Axtel* v. *Chase*, 77 Ind. 74, in support of this contention.

That case decides that a cause of action simply to correct an alleged mistake in a deed is not shown when no demand and refusal to make the correction are alleged in the complaint.

The case is not in point here. The complaint before us shows a mortgage debt due and unpaid and asks for judgment of foreclosure and sale of the land. The suit is not to correct a mistake simply. The request for reformation is incidental to the main action.

As well said in *Axtel* v. *Chase*, 83 Ind. 546, "The appellants were brought into court for the purpose of compelling them to pay their debt, and, being in court because of this failure, they are asked, incidentally, to correct the mortgage. No demand upon them to correct the mortgage was necessary."

It is next urged that the complaint is defective as to the description of the land mortgaged and the mistake sought to be corrected.

Counsel correctly say that "a complaint to be good for the reformation of a mortgage should set out the land mortgaged and the mistake which occurred, and the prayer for relief should be for the reformation of the instrument in accordance with the correction of the mistake."

We think, however, that the complaint in the case before us substantially complies with this requirement. The land mortgaged is described as "part of the south-

west quarter of section thirty-one, town. five north, range one east:   Beginning seventy-two poles west of the northeast corner of said quarter section, etc.''   And it is said that by mutual mistake of the parties in writing the description of the lands in the mortgage the same was erroneously written so as to commence ''seventy-two poles west of the northeast corner of said section,'' instead of '' quarter section,'' as was intended.   Reformation of the mortgage is prayed.

While the complaint may well be criticised as somewhat carelessly drawn, yet we think it states the facts essential to an action for reformation and foreclosure, and is not subject to demurrer for the reasons alleged.

The facts, as found by the court at the request of the appellant Willard, are substantially as follows:

1.  That on the 30th day of October, 1884, William H. Mitchell, one of the defendants, was the owner in fee of the property in controversy, situated in Lawrence county, and described as ''A part of the southwest quarter of section thirty-one, town. five north, range one east, beginning seventy-two. poles west of the northeast corner of said quarter section, running south one-half mile; thence west forty-six and one-third poles; thence north one-half mile; thence east forty-six and one-third poles to the place of beginning, containing forty-six and one-third acres''; and that he owned no other real estate in said county, as shown by the records in the recorder's office.

2.  That on said October 30th, 1884, the said Mitchell negotiated with the auditor of the county for a loan of $225 of the common school fund, executing therefor his note to the State of Indiana in the sum of $250 due in five years, and also agreed and undertook to execute a mortgage on said real estate to secure the payment of said loan, and that his wife joined with him and duly

signed and executed said mortgage, which was on the 16th day of July following duly recorded in the records of mortgages in said county.

3. That the parties undertook and meant to mortgage the real estate described, so owned by said Mitchell, but, by the mutual mistake of all the parties, described said real estate by the following mistaken description: "All the following tract or parcel of land situated in said county of Lawrence and State of Indiana, to wit: A part of the southwest quarter of section thirty-one, town. five north, range one east, beginning seventy-two poles west of the northeast corner of said section, running south half mile; thence west forty-six and one-third poles; thence north half mile; thence east forty-six and one-third poles to the place of beginning, containing forty-six and one-third acres, more or less."

4. That on July 3, 1886, the said Mitchell, who lived in the State of Kansas, sold said land by warranty deed, correctly describing the land, to the defendants, Hayden H. Walls and wife, which deed was duly recorded in the recorder's office of Lawrence county, Indiana, August 12, 1886. All negotiations for such purchase were by written correspondence; and said deed was prepared by Walls and sent by him to Mitchell, in Kansas, to be executed. In said deed was contained the following reservation: "There being, however, excepted from said warranty any mortgage to the school fund of the State of Indiana standing against the above described premises; any such mortgage upon the above described premises to be paid by the above-named grantee, the payment being assumed by him."

5. That Walls negotiated said purchase for himself and the appellant Willard, each paying one-half the purchase-price, and both being joint owners of said land, al-

though the deed was executed to Walls and his wife, as aforesaid.

6. That Hayden H. Walls, prior to said purchase, examined the records in the recorder's office of Lawrence county, and found there was no mortgage of record against the real estate as properly described, but did find the mortgage above set out duly recorded.

7. That the appellant Willard had full knowledge of all the correspondence between Walls and Mitchell, and that Walls, prior to the acceptance of the deed, informed Willard that he had examined the records, and that there was no mortgage on record against the property as described in Mitchell's deed, but informed him that the mortgage now in suit was on record, and told him that Mitchell thought there was a mortgage against the real estate so owned by him, but that he had examined the record and there was none but the mortgage above set out. Walls was accustomed to and was competent to examine the records in the recorder's office.

8. That afterwards, on February 3, 1887, Willard bought the interest of Walls in said real estate, receiving a warranty deed therefor from Walls and wife, the land being correctly described. The deed contained the following reservation: "There being excepted, however, from said warranty any mortgage to the school fund of the State of Indiana standing against the said above described premises. Any such mortgage upon the above described premises to be paid by the above named grantee. The payment being assumed by him."

9. That the appellant Willard never, at any time, examined the records of the recorder's office for liens against said real estate, and had no knowledge whatever of the existence of any lien or mortgage against said real estate, other than the knowledge and notice above set out, until a short time before the commencement of this ac-

tion, which was on the 28th day of March, 1887, and subsequent to his purchase from Walls.

10. That nothing has been paid upon said debt to the school fund.

Counsel for appellant contend that these findings are in many respects not sustained by the evidence.

We have examined the evidence with much care, and are satisfied that though the evidence is in some cases lacking in definiteness it is nevertheless quite sufficient to bear out the findings of the court.

We think the evidence fairly tends to show that the mistake in describing the land in the mortgage was a mutual mistake of the parties.

The auditor testifies that Mitchell intended to mortgage the land described in the deed, but that by error the description was made to begin at the northeast corner of the section instead of at the northeast corner of the quarter section. It was an error easy to be made by the auditor or his clerk in preparing the mortgage. Mitchell intended to mortgage the land by its proper description; the auditor, in preparing the mortgage, made an error in the description. We think it sufficiently appears, as the court found, that the error was mutual.

It is said that the deeds from Mitchell to Walls and from Walls to Willard are not in evidence, and hence that it does not appear that Willard had knowledge of the mistake, or that the land was mortgaged, and that he is, therefore, a *bona fide* purchaser for value paid.

The reservations in those deeds do not constitute the only source of knowledge to Willard of the mortgage and of the mistake in description of the land. He knew of the correspondence between Mitchell and Walls in which reference is made to the mortgage, which, of itself, would have been sufficient to put him upon inquiry. Walls also testifies that he examined the records in the audit-

or's and recorder's offices and that he informed Willard, amongst other things, that there was a school fund mortgage against land owned by Mitchell. It is not disputed that the land in controversy was all the land owned by Mitchell in Lawrence county. This information also should have put Willard on inquiry.

The very error in the description should of itself have put any one upon inquiry. The mortgage, as recorded, appeared to be upon "a part of the southwest quarter of section thirty-one  *  *  *  beginning seventy-two poles west of the northeast corner of said section." But a point west of the northeast corner of a section does not anywhere touch the southwest quarter of the section. The error, therefore, appears on the face of the description itself; and, in addition, from the same description, it appears that the mortgage is upon a part of the southwest quarter of the section, the very quarter section in which the land, as correctly described in the deeds, is situated.

But if the deeds were not technically introduced in evidence they were at least read in evidence by the recorder from the record. The evidence so given by the recorder was not objected to at the time and can not be objected to here for the first time. The oral evidence as given by the recorder was at least good evidence, even if not the best, and being unobjected to on the trial is good also on appeal. *Stockwell* v. *State, ex rel.,* 101 Ind. 1.

From the reservations as to warranty, as set out in the deeds recited from the record in the evidence given by the county recorder, it is clear that the appellant Willard, in accepting his deed and agreeing to pay any school fund mortgage upon the premises, was charged with such knowledge of the mortgage as not to be a *bona fide* purchaser without notice. The very deed by which he held title to the land put him upon inquiry. It is

well settled that a mortgage may be reformed and fore-closed against a subsequent purchaser with notice of the mistake. *Pence* v. *Armstrong*, 95 Ind. 191.

Conclusions of law in favor of the appellee, in accordance with the finding of facts and for reformation and foreclosure, were rendered by the court, and excepted to by the appellants.

It is argued by counsel that the conclusions of law are not sufficiently full and explicit as to the kind and manner of reformation that should be had, and we are referred to the case of *Toops* v. *Snyder*, 47 Ind. 91, as sustaining such contention.

That case decides that the judgment should be as specific as the finding. There was there no question as to conclusions of law.

It is not said that the conclusions of law in the case at bar are erroneous, but only that further and more detailed conclusions should be had. The conclusions are in favor of the appellee on the issues joined, and they are supported by the facts found. This is sufficient.

In *Slauter* v. *Favorite, Guar.*, 107 Ind. 291, it was held that if the ultimate judgment is right there can be no reversal, even though a conclusion of law might be erroneous.

It is to the judgment and decree that we must look for the full and detailed carrying out of the finding and decision of the court. The decree in this case is full and explicit as to the rights of the parties under the issues and facts.

We have not been aided in this case by the brief of the appellee, the document so named containing neither argument nor citation of authority, and making no answer to the able brief of the appellants.

While the appellee is always entitled to an affirmance of the judgment in his favor, unless some error in the

trial or decision is pointed out by the appellant; yet it is equally the duty of the appellee to maintain the correctness of the proceedings and judgment of the trial court. If counsel for appellee fail of that duty the labor must fall upon this court.

By Section 165, R. S. 1881 and 1894, this court is required, upon the decision of every case, to give a statement in writing of each question necessary to the final determination of the case.

We will always, therefore, examine the record as fully as may be possible in each case, and will, whether such examination shows that the judgment should be affirmed or reversed, "give a statement in writing," containing such reasons and citations of authority as may sustain our decision. It is evident, however, that a party who depends on the mere assertion on his part that the judgment of the trial court was right, or that it was wrong, ought not to complain if this court should not be able to see the law of the case in the light of such assertion.

Our decisions must be based on reason and authority; and it is a duty which counsel owe to their clients to aid the court by all the means in their power to arrive at a just conclusion. This aid is given by proper briefs; that is, short and pointed arguments and carefully selected authorities.

Finding no available error in the record the judgment is affirmed.

Filed Sept. 26, 1894; petition for rehearing overruled Feb. 21, 1895.