### GABBETT *v.* HINMAN.

If an owner of land agrees to sell a part of it, and such part is measured by her agent and the purchaser, between certain fixed boundaries, and the purchaser undertakes to prepare a deed, and fraudulently makes the description cover the entire property, instead of the part sold, and the

owner signs the deed under a mistake of fact as to what it includes, which is known to the purchaser, equity may reform the deed so as to make it describe the land actually sold, if the plaintiff is not prevented from obtaining relief on account of laches.

(a) There was enough in the petition to set forth a case of the character indicated in the preceding headnote, and the petition was not subject to general demurrer.

NOVEMBER 16, 1911.

Equitable petition. Before Judge Bell. Fulton superior court. October 1, 1910.

*W. R. Hammond,* for plaintiff.

*Tye, Peeples & Jordan,* for defendant.

LUMPKIN, J. Sarah E. Gabbett filed her equitable petition against George B. Hinman, seeking to obtain the reformation of a deed, or, if this were not granted, to recover a money verdict. The court dismissed the petition on general demurrer, and the plaintiff excepted.

Equity will not generally reform a written contract on the ground of mistake, unless it is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract, though the mistake be that of one party only. Civil Code (1910), § 4579. In *Wyche* v. *Greene, 26 Ga.* 415 (decided in 1858), it was held that what is a mistake on one side, and a fraud on the other, is as much the subject of correction as if it were a mistake on both sides. This decision was rendered before the adoption of the first code in this State. But it has been held that the code did not alter this rule. *Shelton & Co.* v. *Ellis, 70 Ga.* 297; *Venable* v. *Burton, 129 Ga.* 537 (59 S. E. 253); *Central of Ga. Ry. Co.* v. *Gortatowsky, 123 Ga.* 366 (51 S. E. 469); *Bridwell* v. *Brown, 48 Ga.* 179; Civil Code (1910), § 4114, par. 2. The mistake of one party only to a contract, without mistake or fraud of the other party in reference to the same matter, will not authorize reformation of a written contract. To reform the contract under such circumstances so as to correct the mere error of one party, would be, in effect, to make a contract which the parties did not make for themselves. If land is sold by the entire tract or lot, and the quantity is specified as "more or less," this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception or mistake amounting to fraud. *Wylly* v. *Gazan, 69 Ga.* 506; *Kendall* v. *Wells, 126 Ga.* 343 (55 S. E. 41).

Applying these principles to the plaintiff's equitable petition, we think it was error to dismiss it on general demurrer.   Some of the allegations are not appropriate to a case for reformation, but there is enough to withstand a general demurrer.   It was alleged, among other things, as follows:   The plaintiff owned certain land lying between the line of the Hinman lot and the projection of Lowndes street.   She sent a carpenter to build a fence on the dividing line between her land and the Hinman lot, but by mistake he built it twenty-seven feet eastward from such line.   An agent representing her negotiated a sale to Hinman of land fronting 175 feet on Currier street, at the rate of ten dollars per front foot, and her agent and Hinman together measured the frontage from the fence eastwardly to the boundary on that side, for the purpose of arriving at its length and the consequent amount of purchase-money to be paid. The line so measured was 175 feet in length. "Your petitioner avers that this is the property shown to the said defendant by your petitioner's said agent, and measured off by him for said defendant, and which was paid for by the said defendant;   .   . her said agent, when he pointed out said property to the defendant, and when he and the defendant measured the same, told the defendant that the fence was the beginning point, and that the defendant understood distinctly from your petitioner's said agent at the time that the land he was buying from your petitioner began at the fence and extended eastward on the north side of Currier street, one hundred and seventy-five (175) feet, and the defendant acquiesced in said beginning point as being at the fence, and assisted your petitioner's said agent in measuring the same with the tape line, .   . and that the defendant then and there acquiesced in said line as measured by him and said Graves [the plaintiff's agent] as the front of the property being sold to him by said Graves for your petitioner, and the defendant undertook the preparation of the deed for your petitioner to sign, and that he had said deed artfully prepared so as to cover twenty-seven (27) feet more ground than he bought, although said line was described as one hundred and seventy-five (175) feet, and your petitioner signed said deed in the form prepared by the defendant under the mistaken belief that it only covered the land between the fence and the eastern terminus, as described in said deed."   The plaintiff was old and in feeble health, and took no part personally in the measurement of the prop-

10

erty, and was not present, but relied upon her agent. The defendant knew that the fence was not on the dividing line between the plaintiff's property and the adjoining property, but was twenty-seven feet eastward therefrom, and concealed the fact from the plaintiff and her agent, and suffered and permitted the latter to begin the measurement at the fence, he knowing her condition and that her agent was laboring under a mistake as to the proper location of the dividing line, and hoping and intending to get the advantage of her in the trade, and get twenty-seven feet more frontage on Currier street than he was paying for. It was charged that the defendant knew, when the plaintiff signed the deed at his request, that it extended twenty-seven feet west from the fence, and included a strip having that frontage on Currier street between the fence and the Hinman line; and that the plaintiff did not know it, and the defendant artfully and fraudulently concealed the facts from her and her agent, and thereby obtained a deed covering the extra twenty-seven feet, for which he did not pay. The deed described the lot conveyed as extending from the Hinman line to the extension of Lowndes street, and fronting on Currier street one hundred and seventy-five feet more or less. The words "more or less" were inserted to cover any slight inaccuracy in the measurement made, because it was made with a cloth tape line, but not with any view of covering an excess of twenty-seven feet.

If these allegations are true, the case falls within the ruling in the decisions above cited. There were expressions in the petition to the effect that the plaintiff and her selling agent thought the fence was on the Hinman line, and indicating an intent to sell her entire lot, but a mistake as to its frontage, taken advantage of by the defendant. If a deed describes the land conveyed as bounded on one side by the land of a third person, the true boundary line between the land conveyed and the land of such third person must be taken as the boundary line of the land so conveyed, and not a conventional line agreed upon in parol by the parties at the time the deed was executed, if there be a variance between such two lines. The deed will control, unless it can be reformed. *Hall* v. *Davis,* 122 *Ga.* 252 (50 S. E. 106). On the trial the plaintiff may or may not be able to sustain her allegations above set out, but they must be treated as true on general demurrer.

It does not sufficiently appear on the face of the pleadings that plaintiff was guilty of such laches as to prevent her from obtaining equitable relief. If such be the fact, it can be determined on the trial. Civil Code (1910), §§ 4571, 4581.

*Judgment reversed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*