## HAMMOND, executor, *v.* HINMAN.

There was no error in granting a nonsuit.
JULY 18, 1913.

Equitable petition. Before Judge Pendleton. Fulton superior court. March 20, 1912.

*W. R. Hammond,* for plaintiff.

*Tye, Peeples & Jordan,* for defendant.

ATKINSON, J. Mrs. S. E. Gabbett instituted an action to reform a deed, and for other equitable relief, against George B. Hinman. Pending the action Mrs. Gabbett died, and thereafter an amendment was allowed making her executor the party plaintiff. The bill of exceptions assigns error on a judgment of nonsuit.

In the City of Atlanta Currier street runs east and west. At right angles from the north Ripley street opens into it. Farther east Lowndes street opens into it, approaching at right angles from the south. On the east side of Ripley street and the north side of Currier street Mrs. Hinman owned a lot which fronted on both of these streets. Adjoining this lot on the east and extending along the north side of Currier street beyond the projection of Lowndes street was a tract of land belonging to Mrs. Gabbett. She sold a portion of this property to the defendant, the husband of Mrs. Hinman, and executed a deed describing the property as follows: "All that tract or parcel of land lying in land lot fifty (50) of the fourteenth (14th) district of originally Henry, now Fulton county, Georgia, commencing at a point on the northern side of Currier street, at the corner of Cora F. Hinman's lot, one hundred and sixty-one (161) feet, more or less, east of Ripley st., at which point was the dividing line between Ripley and Gabbett property as per plat made by H. L. Currier April 23rd, 1862; from thence running easterly along the northern side of Currier street one hundred and seventy-five (175) feet, more or less, to a point directly opposite the western side of Lowndes street now opening into Currier street on the southern side thereof; thence running northerly in a line parallel with Ripley street one hundred (100) feet; thence in a westerly direction parallel with Currier street to a point on the dividing line between Ripley and Gabbett property as per plat aforesaid; thence following said dividing line in a southerly direction to beginning point."

Two years later Mrs. Gabbett instituted an action to reform the deed, so that it would convey a frontage of 175 feet on Currier street commencing at a point 27 feet east of the beginning point described in the deed and extending east to the projection of Lowndes street, the effect of which would be to withdraw from the deed the southwest corner of the land granted, whereby Mrs.

Gabbett would retain a triangular shaped parcel of land having as a base 27 feet fronting on Currier street with the vertex about 80 feet back in the lot, thus preventing to that extent defendant's acquired land from adjoining that of Mrs. Hinman. The alleged grounds relied on for reformation were, mistake of the plaintiff and her agent, at the time the land was measured and the deed executed, as to the true location of the dividing line between Mrs. Hinman and Mrs. Gabbett, from which the measurement commenced, whereby instead of commencing at the true line the measurement began 27 feet east thereof, and, when incorporated in the deed, resulted in giving defendant 27 feet frontage more than he bought and paid for; and actual fraud on the part of defendant, in that he knew the location of the true dividing line and that the point at which the measurement commenced was 27 feet east thereof, and knew that the plaintiff and her agent were ignorant thereof, but nevertheless, in order to gain that amount of frontage without paying for it, co-operated with the plaintiff's agent in making the false measurement, knowing that the agent was acting under a mistake, and failed to inform him of it, and after the measurement was so made caused the deed to be executed, whereby it conveyed to him 202 feet frontage, while he only paid for 175. It was alleged that the land was bought by the front foot at $10 per foot, and the land pointed out to the defendant and sold to him and paid for by him was only the 175 feet frontage next west from the projection of Lowndes street, and did not include the 27 feet frontage that lay next west of it. Based on the same allegations of fraud and mistake there were prayers for recovery of that part of the land which it was alleged was not intended to be conveyed, and, if not entitled to such relief, that plaintiff have a money judgment for $270 as the price thereof.

When the case was brought to this court on exception to a judgment dismissing the petition on general demurrer, the deed was construed as conveying all the land between the projection of Lowndes street and the true line of division between Mrs. Hinman and Mrs. Gabbett; and on the allegations of mistake on the one hand and fraud on the other, it was held that a case was alleged for reformation of the deed, and the judgment was reversed. *Gabbett v. Hinman*, 137 *Ga.* 143 (72 S. E. 924). On the subsequent trial the agent of plaintiff, who took the measurement, a surveyor, and

the defendant were introduced as witnesses for plaintiff. The first named witness testified, that with the assistance of the defendant he measured off the land with a tape line, and, thinking the true line of division was marked by an old fence, he adopted that as the starting point, and held one end of the tape while the defendant carried the other eastwardly along the line of Currier street, and in that manner they measured down to the projection of Lowndes street, which was found to be 175 feet; that he pointed out to the defendant the land that he was selling, and that it was sold by the foot. There was also evidence that the point at which this measurement commenced was 27 feet east of the true dividing line between Mrs. Gabbett and Mrs. Hinman. The defendant denied that he bought by the foot, but testified that he bought by the tract, intending to buy all of the land between Mrs. Hinman's lot and the projection of Lowndes street. There was no controversy as to the fact that plaintiff intended to sell and defendant intended to buy back to Mrs. Hinman's lot. The plaintiff's agent, who made the sale, admitted, on cross-examination, that the intention was to sell the defendant all the land back to Mrs. Hinman's line, and that he pointed out as an inducement that by making the purchase the defendant would straighten his line. There was no evidence that the defendant knew the true line of division, or that he knew that the plaintiff's agent was acting under a mistake as to the starting point in making the measurement. The evidence that the sale was intended to include all of the land back to Mrs. Hinman's lot disproves the charge that the land sought to be carved out of the deed was not sold.

While equity will, in a proper case, so reform a deed to land that it will conform to the contract of sale, it will neither make a contract for the parties nor so reform a deed that it would defeat the contract. The evidence did not make a case for reforming the deed; and as that instrument is conclusive upon the right of plaintiff to recover the land, it did not authorize a verdict for the land. The deed was a conveyance by the tract. The front line, which formed the bone of contention, was described as beginning at the east line of Mrs. Hinman's lot, which was recited to be a given distance from Ripley street, "more or less," and running thence 175 feet, "more or less," to the projection of Lowndes street. The defendant did not know accurately the location of the east line of Mrs.

Hinman's lot, and did not know that the plaintiff's agent commenced the measurement east of the true line, or that he was laboring under a mistake in adopting a starting point. Nor did he do anything to mislead the plaintiff or her agent, either in measuring the line or in drawing the deed. In such case the rule is, that, in order for one party to such a sale of land to be entitled to a reduction on account of fraud by the other, the fraud must be actual. *Emlen* v. *Roper,* 133 *Ga.* 726 (66 S. E. 934). See also *Wylly* v. *Gazan,* 69 *Ga.* 506, where the rule was applied to the sale of a city lot when sold by the tract, and the words "more or less" were used in stating the quantity of land sold. The evidence was insufficient to support a verdict in favor of the plaintiff for any of the relief sought, and there was no error in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*