## CLARK *v.* CLARK.

BECK, J. 1. This case was made by a petition seeking a decree for the reformation of a voluntary deed, and the answer thereto; in which answer the grantee in the deed denied that any such mistake had been made as would authorize a reformation. The court charged the jury as follows: "If you find that he is not entitled to any reformation of the deed, that the deed was made in accordance with his intentions at that particular time, then you should find against the reformation; and

in that case the form of your verdict would be, 'We the jury find a verdict in favor of the defendant.' " While this extract from the charge, as well as other portions thereof to the same effect, standing alone are .apparently open to the criticism that they authorized a finding in favor of the plaintiff merely because the deed was not made in accordance with the undisclosed intent of the grantor, when they are considered in connection with the entire charge it is plain .that the court made it clear to the jury that the grantor would be entitled to a reformation only in case it should be made to appear, by evidence which was "clear, unequivocal, and ·decisive as to the mistake made," that there was a mistake, and that it was the intention of the grantor to have the conveyance drawn as he insists in his petition it should have been drawn and would have been drawn had the scrivener followed his instructions. *Mitchell* v. *Mitchell*, 40 ·*Ga.* 11.

2. The court did not err in charging the jury to the effect that while the evidence as to the mistake need not exclude all reasonable doubt, it should, in order to authorize a reformation of the instrument, be clear, unequivocal, and decisive as to the mistake made.

3. And where the court had thus charged the jury as to the character of proof required to authorize the reformation of a deed upon the ground of mistake, it was not necessary that he should repeat this rule of evidence in the other portions of his charge dealing with the contentions of the parties and the burden resting upon the plaintiff to establish his contention by evidence.

4. The charge as a whole fairly submitted the issues involved to the jury, and the evidence was sufficient to support the finding in favor of the plaintiff.    ·      *Judgment affirmed. All the Justices concur.*
                     FEBRUARY 27, 1914.

Reformation of deed. Before Judge Martin. Montgomery superior court. November 15, 1912.

*E. D. Graham* and *Eschol Graham,* for plaintiff in error.

*W. M. Lewis* and *J. B. Geiger,* contra.