NEWBERRY <em>v.</em> McCOOK.

ATKINSON, J.    1.  The evidence of mutual mistake which will justify the reformation of a deed to land must be clear, unequivocal, and decisive as to the mistake.  Whether or not, on application to reform a deed on the ground of mutual mistake, it imposed a greater burden upon the complaining party than the law provides, to instruct the jury that in order to find for the complainant they must believe "beyond a reasonable doubt" that the deed was the result of a mutual mistake between the grantor and the grantee, as alleged (Civil Code, § 4570; *Crockett* v. *Crockett,* 73 *Ga.* 647; *Clark* v. *Clark,* 141 *Ga.* 437, 81 S. E. 129; *Warren* v. *Gay,* 123 *Ga.* 243, 51 S. E. 302), the evidence in this case was insufficient to sustain a finding that there was such mutual mistake, and the charge, if erroneous, was not cause for a reversal.

2.  The action was to enjoin the cutting of timber.  The plaintiff claimed under a deed in which the land was conveyed in fee.  The defendant claimed under a prior parol contract of purchase of the timber from the plaintiff's grantor.  The grantor was allowed to intervene and pray for reformation of his deed to the plaintiff, so as except the timber.  On the several issues between all the parties the evidence was sufficient to support the verdict in favor of the plaintiff.

<em>Judgment affirmed.    All the Justices concur,</em><br>APRIL 11, 1917.

Equitable petition.    Before Judge Mathews.  Bibb superior court.    March 18, 1916.

*Feagin & Hancock,* for plaintiff in error.

*Samuel B. Hunter,* contra.