## WILLIAMS v. WILLIAMS.

The motion for a new trial is based solely on the general grounds. The brief of evidence, which is much confused, affords no basis for the verdict found by the jury. The judgment overruling the motion for a new trial is therefore reversed.

No. 3436. MAY 19, 1923.

Equitable petition. Before Judge Hodges. Madison superior court. September 8, 1922.

The petition was filed by E. B. Williams against his mother, Mrs. Margaret Williams. It alleged that by virtue of a decree of Madison superior court plaintiff and defendant became, in January 1917, joint owners of a described tract of land; that by virtue of this decree defendant was given control and management of the land until certain debts were discharged, after which she was to account to and settle with plaintiff for any balance due him; that the lands were sold or divided between them; that for the purpose of reaching a settlement all books, papers, and accounts were submitted to an accountant, who found Mrs. Williams to be due the partnership $479.05, one half. of which, $239.52, was due to plaintiff; that the parties accepted these figures as correct, but then agreed (defendant being represented by another son, P. C. Williams, and H. C. Erwin, her attorney) that E. B. Williams should also be credited with $825.25, $1750.00, and $375.00 additional, aggregating $3192.77, as against which it was also agreed that he was to be charged with $243.68, leaving the net amount due him by Mrs. Williams $2949.09. The petition alleges that in concluding the settlement, by mistake of the parties, it was calculated that E. B. Williams was entitled to only one half; that it was agreed that Mrs. Williams should pay him $1577.25, and the settlement was concluded accordingly; that the attention of the defendant was promptly called to the mistake but that she refused to pay the balance of $1371.84 due plaintiff. The prayer was for judgment for the amount last named, with interest. The defendant denied all the material allegations of the petition, and in particular set up that the amount of $1577.25 was paid by her to plaintiff in order to procure final settlement of the matter, and that the same was in full of all demands; that she had no agent to look after the settlement, and no one had any right to bind her by agreement as to items and amounts; that she relied upon her attorney to advise her of acceptance or rejection of the settlement; that if plaintiff had then demanded the amount he is now claiming, there would have been no settlement; that she has never agreed to the amounts above stated as additional to the amount found by the accountant; and that the plaintiff is due her $3477.24 because of items which were not taken into account; and she prayed

that the same be set off against plaintiff's demand... The jury returned a verdict for the plaintiff as prayed for. Error was assigned upon the overruling of a motion for new trial on the general grounds only.

*Berry T. Moseley* and *Thomas J. Shackelford,* for plaintiff in error. *Henry C. Tuck,* contra.

GILBERT, J. The plaintiff's suit, which was in equity, was based upon a claim that in the settlement of a partnership business a mutual mistake had been made by an accountant who had been agreed upon between the parties to calculate and determine the amount due the plaintiff. It is not clear from the plaintiff's evidence that this mistake, if any, was mutual. On the other hand the jury would have been authorized to find from the plaintiff's evidence that the settlement was not strictly upon the figures of the agreed accountant, but that they were arbitrarily arrived at and agreed to for the purpose of winding up and settling the differences between mother and son and making an end of litigation. The verdict was unauthorized, and the judgment overruling the motion for a new trial must be reversed.

*Judgment reversed. All the Justices concur.*