### HELTON, guardian, *et al. v.* SHELLNUT.

BELL, Justice. 1. Equity in a proper case may reform a written contract because of fraud on one side and mistake on the other. A contract may also be reformed for a mistake of both parties, but the evidence must show "that the mistake was mutual." Code, §§ 37-207, 37-208; *Green* v. *Johnson*, 153 *Ga.* 738 (3, 4) (113 S. E. 403).

(*a*) In the instant case, however, the petition did not allege fraud, nor did it contain sufficient allegations to show a mutual mistake. Where mistake is relied on, the petition must allege the particular mistake and show how it occurred. *Williams* v. *Williams*, 155 *Ga.* 622 (118 S. E. 195); *Martin* v. *Turner*, 166 *Ga.* 293 (143 S. E. 239); *Crim* v. *Alston*, 169 *Ga.* 852 (151 S. E. 807); *Gamble* v. *Knott*, 40 *Ga.* 199.

(*b*) "It is not sufficient to allege that it was the intention of the parties to make an instrument that would accomplish a certain object, and ask the court to make a writing that will accomplish that object." 18 Enc. Pl. & Pr. 824, 825, quoted in *Kight* v. *Gaskin*, 139 *Ga.* 379 (2), 382 (77 S. E. 390).

(*c*) As a suit for reformation, the petition did not state a cause of action.

2. Considered as an application for dower, however, the petition contained sufficient allegations and prayers to withstand an oral motion to dismiss in the nature of a general demurrer. Code, §§ 31-101 to 31-203, inclusive.

(*a*) "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

(*b*) Accordingly, since the petition stated a cause of action for the assignment of dower, it was not error to overrule the oral motion to dismiss it as a whole, notwithstanding its deficiency as a suit for reformation.

3. The suit was filed by a widow as an individual, and was brought against heirs at law. By amendment the grantor in the deed sought to be reformed was added as a party defendant. In such case, the plaintiff was competent as a witness to testify as to transactions or communications between her and her deceased husband. The ruling of the court as to the admissibility of testimony was not error as against the defendants. *Austin* v. *Collier*, 112 *Ga.* 247 (37 S. E. 434); *Boynton* v. *Reese*, 112 *Ga.* 354 (3) (37 S. E. 437); *Oliver* v. *Powell*, 114 *Ga.* 592 (5) (40 S. E. 826); *Goddard* v. *Boyd*, 144 *Ga.* 18 (85 S. E. 1013); *Rudulph* v. *Washington*, 146 *Ga.* 605 (91 S. E. 560); *Cooper* v. *Johnson*, 151 *Ga.* 608 (107 S. E. 849); *Fleeman* v. *Gay*, 152 *Ga.* 189 (108 S. E. 781).

4. To authorize a verdict reforming a deed upon the ground of mutual mistake, the evidence, like the petition, should at least by inference show the particular mistake and illustrate how it occurred; and it is also the rule that "the evidence shall be clear, unequivocal, and decisive as to the mistake." Code, § 37-202; *Newberry* v. *McCook*, 146 *Ga.* 679 (92 S. E. 67). Under these principles, the evidence introduced in this case did not demand, even if it might have authorized, the verdict in the plaintiff's favor reforming the deed in question. Therefore the court

erred in directing the verdict for the plaintiff. Compare *Wall* v. *Arrington*, 13 *Ga.* 88 (7).

5. Whether or not under the pleadings and the evidence the plaintiff might have been entitled to a verdict establishing an implied trust limited to a half undivided interest in the land (*Hemphill* v. *Hemphill*, 176 *Ga.* 585, 168 S. E. 878; *Bryant* v. *Green*, 176 *Ga.* 874 (2), 169 S. E. 123; *Clinard.* v. *Clinard*, 169 *Ga.* 199, 149 S. E. 788; *Shaprio* v. *Steinberg*, 175 *Ga.* 869, 166 S. E. 767), it appears from the record that the case was not tried upon such theory, nor was the result consistent therewith. Accordingly, as indicated in the preceding note, the judgment must be reversed because of the error in directing the verdict for the plaintiff.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent.*

No. 12175.   MAY 13, 1938.

*J. L. Smith,* for plaintiff in error.   *Boykin & Boykin,* contra.