### 34148. FUNSTEN v. MUSE.

CARLISLE, J. Where the holder of a duly recorded bill of sale to a certain crop of peanuts, who had furnished supplies to produce the crop, brought an action of trover to recover the value of the crop from a landlord on whose property the crop was produced by a tenant renter, and, upon the trial of the case, it appeared that the defendant landlord had a landlord's lien on the crop for rent and for supplies furnished (the question of the furnishing of supplies by the landlord being in dispute), and under one theory of the evidence, the jury was authorized to find that the landlord's farm superintendent, acting as the agent of the tenant renter, sold the peanut crop and paid the landlord for the rent and the supplies furnished by the landlord, and under another theory of the evidence, the landlord's farm superintendent took the crop without the consent of the tenant renter and sold it and appropriated the money so obtained to the payment of the rent and the landlord's supply bill, it was error for the trial court to direct a verdict against the defendant landlord for the amount of the unpaid balance of the bill of sale to secure debt for at least one reason: If the farm superintendent acted as the agent of the tenant renter in selling the crop and paying the landlord's rent and supply bill, which was a question of fact for the jury, and a fact which the jury was authorized to find under the evidence, there was no conversion of the crop by the defendant landlord or his agent, and the plaintiff could not recover in trover without proof of conversion. *Helton* v. *Shellnut*, 186 *Ga.* 185 (4) (197 S. E. 287); *Foster* v. *Thomas*, 193 *Ga.* 823 (2) (20 S. E. 2d, 80); *Hamilton* v. *Metropolitan Life Ins. Co.*, 71 *Ga. App.* 784 (3) (32 S. E. 2d, 540).

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 3, 1952—REHEARING DENIED SEPTEMBER 13, 1952.

*Anthony May, Burt & Burt,* for plaintiff in error.

*J. J. Forrester, Farkas, Landau & Davis,* contra.