## CLAYTON *vs.* BUSSEY AND FERRER.

Equity will grant relief from an endorsement which, through mistake as to the legal effect of the words used, binds the endorsor to pay the note, when the true contract and intention was to write only such an endorsement as would convey the title without rendering the endorser liable.

In Equity, from Stewart County.    Decided by Judge PERKINS, October Term, 1859.

The plaintiff in error having been sued at common law as endorser of a promissory note, filed this Bill to enjoin that suit, and to reform the contract of endorsement as written on the note, so as to make it correspond with the agree-

ment of the parties, which the complaint alleged was, that he was not to be held liable on the endorsement.

The bill presents the facts: On the 12th day of March, 1856, one James P. Clayton made and delivered his promissory note for $325,00, payable by the first day of January then next, to John B. Clayton or bearer. On the 10th day of January, 1857, after the note fell due, and being still unpaid, John B. Clayton the payee, negotiated a transfer of the note for value to Zadock Bussey. But in order to convey title thereto to the transferee, the latter insisted that it was necessary, according to law, that the payee should endorse it. Clayton, the payee, supposing this to be the law, agreed to endorse it for this purpose, provided he was in no way to be held liable on his endorsement. This both parties agreed to and stated the agreement in presence of a witness. The transfer was written across the face of the note as follows:

"I transfer the within note to Z. Bussey, this 10th January, 1857.

[Signed]                              J. B. CLAYTON."

Subsequently, Bussey having transferred said note by delivery merely, to Camillus Ferrer, the latter brought suit in his own name against Clayton on said endorsement, and which suit was suspended by the injunction asked for in this bill.

On demurrer, the Court ordered the bill to be dismissed for want of equity.

To this decision counsel for complainant excepted.

B. S. WORRILL, for plaintiff in error.

WIMBERLY & REDDING, contra.

By the Court.—STEPHENS, J., delivering the opinion.

Ferrer having taken this note after it was due, holds it subject to such equitable defense springing out of the note or endorsement as could be made against it in the hands of his assignor. We have no doubt that the defense set up by this bill is good against that assignor, Bussey. The sub-

stance of the bill is, that the endorser mistook the legal effect of the form of endorsement which he used. He states that the *contract* between him and Bussey was, that there should be such an endorsement as would only transfer the title, and not bind the endorser, and that in endeavoring to carry out that contract, he mistook the legal effect of the words he used. This Court has frequently held that mistakes as to the legal effect of an instrument are relievable in equity. The doctrine is fully discussed in Lucas' case, not yet in print, but decided at the Atlanta March Term, 1860.

Judgment reversed.