### Kitchens v. Usry.

Simmons, C. J.   1. The amendment did not set out a new cause of action, and the petition, as amended, set out a cause of action.

2. In a proceeding to reform a written instrument on the ground of mistake, parol evidence is admissible to show what was the real contract between the parties, and that by mistake of the scrivener and oversight of the parties the writing was not made to express the whole contract.

3. The evidence was sufficient to show that the contract agreed upon by the parties was different from that embodied in the instruments which were executed, and that a portion of the real contract was, by mistake of the scrivener and of the parties, omitted from the written instruments. The verdict in favor of the plaintiff was authorized by the evidence, no error of law was committed, and there was no abuse of discretion in refusing a new trial.            *Judgment affirmed.    All the Justices concur.*

Submitted October 26, — Decided November 12, 1904.

Equitable petition.    Before Judge Holden.    Glascock superior court.    January 26, 1904.

In November, 1902, Usry executed a bond for title to land in Glascock county, " containing one hundred acres, more or less," bounded on the north by lands of Usry and Harris, on the east and south by lands of Usry, and on the west by lands of Harris; no metes being given.    The obligee executed notes for 11,000 pounds of lint-cotton, as the purchase-price of the land.    In March, 1903, Usry filed a petition against the obligee, alleging as

follows: At the time of the sale and contract the land was unmeasured; the number of acres was uncertain and unknown, but was by both parties supposed to be about 100. The terms of the trade and contract under which the land was sold were made on the basis of 100 acres. As part of the contract it was agreed that the land was to be surveyed and measured, and if there was less than 100 acres the plaintiff "was to deduct from the notes in proportion to amts. of the shortage." If there should be more than 100 acres in the tract, the defendant was to pay for the number of acres over 100, in proportion to the stipulated amount of cotton for the 100 acres, and the bond for title and notes should be changed to that effect. The sale was not by the tract, but by the acre. The land has since been surveyed and measured by a competent surveyor, and the survey shows that there are 170 acres in the tract. The plaintiff has demanded that new papers be executed in accordance with the contract, by which the rights of both parties will be protected according to the survey, offering to make and deliver a new bond for title to cover the 170 acres upon defendant delivering to him her notes for an additional amount of cotton, at the same rate, for the additional 70 acres; but she refuses to change the papers or to give any other notes. She refuses to deliver possession of the seventy acres to the plaintiff, continues to work thereon by her employees, and is cutting and using the timber therefrom. He is willing to carry out his part of the contract upon her complying with her part; or he will rescind the trade upon her paying to him a reasonable rent for the use of the land while she holds it. He prays, that she be required to execute and deliver to him notes for the 170 acres, to surrender the bond he executed, and to accept instead a new bond for title in accordance with the contract; and, on her failure so to do, that the contract be rescinded and she be required to pay him reasonable rent for the time she has held the land, and to deliver to him possession of the land and the bond she holds.

The defendant demurred on the following grounds: (1) Want of equity. (2) The plaintiff undertakes to vary the terms of a written contract by aliunde proof. (3) The petition discloses that the contract was not by the acre but by the tract; and the words "more or less" are sufficient to cover the difference between the estimated 100 acres and the real number as alleged. (4) The

plaintiff has no right to a rescission, his remedy, if he has any, being to sue for the price of the acres in excess of the estimated number. The demurrer was overruled, and the defendant excepted.

By amendment the plaintiff alleged: At the time the bond for title was drawn and executed it was contracted and intended by both parties that the full contract was to be set out therein, that is, the contract alleged in the petition. It was not intended for the contract to be set out and the land to be described as was done in the bond for title, but it was intended to be for only a certain 100 acres and with the true contract also set out. Both parties did not know the number of acres, and the land was to be surveyed. If it should measure more than 100 acres, defendant should give additional notes and pay for all land over 100 acres at the rate of 100 acres for 22 bales of lint-cotton weighing 500 pounds each. And to be further stated, if said land should measure less than 100 acres, the plaintiff should credit the notes down at the same rate. And when the land should be measured and the true number of acres ascertained, new notes and bond for titles were to be drawn and executed to conform to the number of acres. "And by mistake and oversight of parties, and especially by Mr. T. A. Walden who drew all said papers, all the above and true contract and intention of parties was left out of said bond for titles by oversight, accident, and mistake, and the present bond for titles does not spread the truth nor intention of the parties. He therefore prays that said bond for title be so reformed as to spread and set up the real and true contract as contended for by plaintiff in his main petition." This amendment was objected to as setting up a new cause of action, and on the ground that, if allowed, the petition as amended would still be insufficient in law for a recovery. The objection was overruled, and the defendant excepted.

The defendant answered, admitting that the number of acres in the tract sold was not known at the time the contract was made and the papers drawn, but alleging that she bought the land by the tract and not by the acre, and denying that there was any understanding between the parties that if the land should run out more than 100 acres she was to pay the plaintiff the proportionate price for the number of acres over the estimated 100. She

contends that the words " more or less " cover any actual excess in the number of acres, points out that the plaintiff does not allege that any fraud was practiced upon him, and says that the plaintiff having marked off to the defendant a certain tract of land, establishing the corners and selling it to her at a specified and reasonable price, without fraud, accident, or mistake on the part of either, he is bound by his contract, and can neither rescind nor compel her to pay him for any acres above the number estimated. No accurate survey has been made of the land, and in her opinion it will not exceed 140 acres. When the bond for title was drawn, while the line separating the land she purchased from the other land of the plaintiff had been agreed upon, by mutual mistake of both parties and inadvertence of the surveyor the line was not sufficiently designated. She prays that the bond be so reformed as to particularly designate the line, so that the description of the land shall read in a manner she proceeds to set forth, giving a specific description of boundary lines, etc.

The testimony for the plaintiff was in direct conflict with that of the defendant and her husband, who represented her in the negotiations leading to the execution of the bond and notes. The verdict was in favor of the plaintiff, and the defendant excepted to the refusal of a new trial. The grounds of the motion therefor assign error upon the admission of testimony of the plaintiff and of T. A. Walden, over the following objections, presented and reiterated at the times the testimony was offered: That it ignored the written contract between the parties, and sought to vary and contradict its terms as set out in the notes and bond for title; that parol testimony was not admissible to show that the purchase was by the acre and not by the tract; that it did not sustain the pleading to the effect that the bond was executed under a mistake, and was not such evidence of mistake as would authorize a court of equity to reform a written contract. The plaintiff testified: I can't say whether the paper speaks the whole contract that was made between me and Mrs. Kitchens. I have never read it over myself. If it described a certain tract of land, giving boundaries and things of that kind, for the purchase-money notes I have, it does not describe the real contract that was made between us. I was to sell Mr. Kitchens one hundred acres of land, more or less; but he didn't accept that proposition. We

went and looked over it and came back, and he then made me a proposition that he would give me 22 bales of cotton and eight years to pay it in, and if there was over one hundred acres he would pay me in proportion for the one hundred acres, and if less it would be in like manner. I was to deduct in proportion. The land at that time had not been measured off from the tract or original body. That was the trade we agreed on. It was his own proposition, and I accepted it. We executed these papers then. . . T. A. Walden drew the papers. It was a part of the contract that the land was to be surveyed. There was an understanding about it beforehand, that if it run out over 100 acres, he was to pay me in proportion to what he was to pay me for the 100 acres; and if there was any less, I was to deduct in proportion. . . That is what I mean by the 100 acres more or less. I did not mean, if it ran out over 100 acres I was only to have the notes I got; if it ran out more than 100 acres, I was to have more cotton. I agreed to vary on their side if it was less. Of course the pay was to be in proportion less. The land has been surveyed since then. Wilson Glover surveyed it. It made 170 acres.

T. A. Walden testified: Mr. Usry remarked, it might run over what he was buying, 22 bales for the 100 acres. Mr. Kitchens said, "If it does, I will make it up. I will pay you in proportion as I do for the land to take in the house." He explained that he wanted it to go a certain number of acres to take in the house. Mr. Kitchens then suggested, "Suppose it don't run out as much as I am giving you notes for." Mr. Usry said, "I will take off enough to make it the same as 100 acres, the contract we have made." That was mutual with both of them; and we agreed on the line to go to a certain place; and it was to be run out; and if it ran out more than 100 acres, Mrs. Kitchens was to increase the payment. I turned to her and asked her if it was agreeable, and she said it was; and it was mutually agreed between the parties. The reason it was not put in the bond for title was an oversight on my part. It should have gone in, I reckon. It was mutually understood. . . Mr. Usry said, "Suppose it goes over 100 acres." He said, "We will raise the payment to make it equal to the 100 acres for 22 bales." Mr. Kitchens suggested, "Suppose it don't run that much." He said, "Well, I will reduce it," and they

agreed to it and signed the papers; and I put it in the bond, I reckon.

Another ground of the motion was that the court erred in giving to the jury the following charge: "If you believe from the evidence that there was a contract between the plaintiff and the defendant, by virtue of which the plaintiff was to sell to the defendant the tract of land referred to in the petition and pleadings in this case, that it was supposed by the two parties that the tract of land contained about one hundred acres, that it was agreed between them in the contract that the plaintiff was to receive from the defendant and the defendant was to pay the plaintiff twenty-two bales of cotton for the one hundred acres if there was no more than one hundred acres and no less than one hundred acres, or that the land was to be surveyed, and if it was ascertained that there was over one hundred acres of land the defendant was to pay the plaintiff for the excess over one hundred acres of land what would be its value, valuing it at the rate of twenty-two bales of cotton for one hundred acres; and you further believe that the land was surveyed and that there was an excess of the one hundred acres of land, then the plaintiff in this case is entitled to recover as he seeks in his petition." The errors specified are, that the instruction rests the plaintiff's case upon the parol testimony, and not upon the written contract between the parties; it authorizes the change, by parol testimony, of a written contract for the sale of land by the tract to a sale by the acre, and without sufficient testimony or pleadings to support such a change; it eliminates the question of mistake, permitting the plaintiff to reform his contract at will; and it eliminates all questions of ignorance, surprise, imposition, or misplaced confidence, and authorizes the jury to set aside the contract made, and to set up another on parol testimony.

*E. P. Davis* and *Rogers & Stephens*, for plaintiff in error, cited Civil Code, §§ 3542, 3675 par. 1, 3974, 3980–82, 3984, 5162, 5166, 5201; *Ga. R.* 53/257; 70/794; 86/1; 89/619; 91/600; 101/820; 109/446; 112/413; 25 N. W. 722; 16 S. W. 839; 1 Ell. Ev. § 576.

*B. F. Walker*, contra, cited Civil Code, §§ 3542, 3968 et seq.; *Ga. R.* 11/160; 13/88; 15/176; 68/830; 75/349; 76/755.