PARIS, administrator, *v.* TREADAWAY, administrator; *et vice versa.*

1. The petition failed to allege a cause of action for reformation of a deed, or for injunction.
2. The cross-bill of exceptions on the overruling of the defendant's general demurrer requiring a reversal of that judgment, the effect of which will be to dismiss the action, it is unnecessary to rule on the main bill of exceptions to the sustaining of certain special grounds of the demurrer.

Nos. 6241, 6270. MARCH 14, 1928.

Petition for injunction. Before Judge Maddox. Floyd superior court. September 6, 1927.

*M. B. Eubanks,* for plaintiff.

*E. P. Treadaway* and *Willingham, Wright & Covington,* for defendant.

GILBERT, J. Ben T. Paris as administrator of the estate of R. Paris, deceased, brought a petition against W. J. Treadaway as administrator of the estate of Mary E. Paris, wife of R. Paris, and alleged that plaintiff, in administering the estate of R. Paris, was renting a described tract of land belonging thereto to one Coff-

Reformation of Instruments, 34 Cyc. p. 974, n. 47, 48.

man; that said land was bought by R. Paris with his own funds, but the grantor made the deed to Mary E. Paris, and R. Paris, "being old and uneducated, did not notice the mistake, and had the deed recorded, and carried the deed to the bank and without examining it locked it with his papers, where it remained until after his death in his sole possession;" that "at the time of said purchase said R. Paris was in feeble physical condition, unable to personally attend to the execution of said deed, and entrusted the preparation and execution of said deed to the grantor, and said grantor wrote the deed and signed it in the City of Rome, at a time when neither the said R. Paris [nor] Mrs. Mary E. Paris were present, said R. Paris being unable to go to Rome at the time, and said deed was so executed without the knowledge of either said R. Paris or his wife, and said deed was filed for record by the grantor, and by the clerk mailed after record to said R. Paris, who without examination placed it with his papers in the Cave Springs Bank, where it remained throughout the balance of the life of said R. Paris and Mary E. Paris;" that it was through accident or mistake that the grantee in the deed was not R. Paris in name; that the deed was never delivered to the grantee named therein, and never became effective as a deed conveying the property to her, though she was permitted to live on the land conveyed; that it was never the purpose of R. Paris or his wife that the property should be conveyed to her; that Treadaway, as administrator, set up a claim in behalf of Mary E. Paris to the title in and possession of the property, sued out a warrant to dispossess Coffman, who filed counter-affidavit and bond, all said proceedings being returnable to the city court of Floyd County, which is without jurisdiction to settle a question of title to land, and they were made so returnable to avoid a binding decision upon such title. The petition prayed for reformation of the deed to correct the alleged accident or mistake and to make R. Paris grantee therein, for a decree that the title to the property was in R. Paris and that plaintiff was to administer it, and for injunction to restrain Treadaway from prosecuting the case in the city court or from setting up said claim of title otherwise than in this proceeding, and that he be finally enjoined from setting up any such claim of title. The defendant filed a demurrer containing twelve grounds, some general and some special in their nature. The court passed

an order sustaining grounds 3, 7, 8, and 9, and the plaintiff excepted. His bill of exceptions recites that the judge denied an injunction and dissolved the restraining order, to which he also excepted. The judge's order overruled the other grounds of demurrer, to which ruling the defendant excepted in a cross-bill.

1. The court erred in overruling the general grounds of demurrer. The petition failed to allege a cause of action either for reformation of the deed, or for injunction. No fraud and no misplaced confidence is alleged. Civil Code (1910), § 4575. No mutual mistake is alleged. §§ 4578, 4579. No inability to read and no other sufficient reason is alleged as an excuse for ignorance of the facts, and for failure within reasonable time to apply for equitable relief. §§ 4580, 4581. "Being old and uneducated" and "failure to examine" a deed which recites delivery and was duly recorded and received by the husband in 1913 and placed in a bank among his papers, "where it remained until after his death" in 1925, are not facts which will afford equitable grounds for reformation of a deed, more especially where the petition alleges as to accident and mistake only that which is indicated in the above statement of the case. Sims, the grantor, and Mary Paris, the grantee, are dead. See generally *Crockett* v. *Crockett, 73 Ga.* 647; *Weaver* v. *Roberson, 134 Ga.* 149 (67 S. E. 662); *Gabbett* v. *Hinman, 137 Ga.* 143 (72 S. E. 924); *Frank* v. *Nathan, 159 Ga.* 202, 208 (125 S. E. 66).

2. The above rulings require a reversal of the judgment on the cross-bill of exceptions, the effect of which will be the dismissal of the petition in its entirety. Accordingly it is unnecessary to rule on the exceptions in the main bill, and it is therefore dismissed.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur.*