TYUS, administrator, *v.* DUKE; *et vice versa.*

Nos. 9865, 9872. May 18, 1934.

*Chester A. Byars* and *Claude Christopher,* for plaintiff.

*D. R. Cumming,* for defendant.

Bell, J.  L. C. Tyus, as administrator of the estate of J. G. Duke, filed a suit against O. M. Duke, to cancel a deed made to the defendant by the plaintiff's intestate in 1903, the contention being that the defendant had breached one of the conditions upon which the deed was executed, as stated in a contemporaneous contract.  J. G. Duke, the grantor, was the father of O. M. Duke, and made the deed upon the written promise and agreement of the latter that he would "maintain, board, and provide for the said J. G. Duke, party of the first part, his wife Susan Duke, and daughter Mattie Duke, said care and attention to include all the necessities of this life, such as wearing apparel, board, medical attention, and nursing in case of sickness, or any attention that will add to their comfort for and during the period of their natural lives."  It was further agreed that if O. M. Duke "should fail to carry out his obligation in the several articles of agreement in this contract, then this contract to be canceled, and all the property both real and personal that the said J. G. Duke, party of the second part, has turned over to the said O. M. Duke, party of the first part, by virtue of this agreement, as a remuneration for the care and attention herein specified, shall revert back to the said J. G. Duke, or its equivalent in currency to be paid to him."  The petition alleged that J. G. Duke and his wife were both dead, and there was no complaint that the defendant did not fully perform his obligations so far as they were concerned; but it was alleged that he had breached the contract as to Mattie Duke by failing and refusing to provide for her, and by driving her away from his home.  The defendant's

general and special demurrers to the petition were overruled, and exceptions pendente lite were taken. The defendant also filed an answer, to which the plaintiff demurred. Some of the grounds of the plaintiff's demurrer were sustained, and others overruled; and each party excepted pendente lite. The defendant also offered an amendment to his answer, which the court allowed over objection, and to this ruling the plaintiff excepted. The trial resulted in a verdict in favor of the defendant. The plaintiff's motion for a new trial, based on the general and several special grounds, was overruled, and he brought the case to this court. The defendant followed with a cross-bill of exceptions. Since we are of the opinion that the judgment should be affirmed on the main bill, and the case is not to be tried again, no further reference will be made to the cross-bill. The plaintiff has assigned error not only upon the judgment refusing a new trial, but also upon such rulings of the court on the pleadings as were adverse to him. The grounds of the plaintiff's demurrer which the court overruled were directed at paragraphs 6, 7, and 8 of the defendant's answer, challenging each of these paragraphs as a whole upon the ground that it did not set forth a valid defense.

The deed conveyed 60 acres of land in Pike County, and various items of personal property, including live stock, cattle, farming tools, and household and kitchen furniture. The deed stated the value of the personalty, but not the value of the land. Paragraph 6 of the answer alleged that the defendant had committed no breach of the contract, and denied that the plaintiff was entitled to any of the relief sought. This paragraph also undertook to construe the contract as providing that in case of breach the defendant would have the right and privilege of paying "the currency value of the property." Paragraph 7 contained a statement of the circumstances under which the contract and deed were executed, alleging that the grantor was old and afflicted, and prevailed upon the defendant to remain at home and care for his father and mother and unmarried sister, and that it was in consideration of his agreement to do so that the contract and deed were executed. This paragraph further alleged that these instruments were prepared and signed in the defendant's absence, and that as soon as he examined them he discovered that "said contract did not contain any express stipulation in the event his sister Mattie Duke should later desire

to live at some place other than defendant's home, although the spirit and intent of said contract was that the said Mattie Duke should remain and live at defendant's home. Accordingly, defendant called his father's attention to the omission of any express stipulation to this effect as was agreed upon in arriving at said contract, and, to avoid any doubt as to future construction thereof, the said J. G. Duke and the defendant" did execute a "supplement to said contract," providing that if Mattie Duke should marry or desire to make her home elsewhere, then "the said O. M. Duke's obligation to her would cease as to any future care and attention to her."

Paragraph 8 of the answer contained a statement of how the defendant had performed his obligations with respect to his mother and father, as to which there was no controversy. After this was a statement of what the defendant claimed he had done with respect to his sister Mattie. It was alleged that he had provided for her in every way in accordance with the agreement until she, at a time when she was sui juris, voluntarily and without cause quit his home, and took up her residence with other relatives.

The defendant's amendment to which the plaintiff objected was that "in the event the issue [as to breach] should be decided against the defendant, he elects to pay the currency value of the sixty acres of land in question, exclusive of value of the improvements placed thereon as set out in paragraph 10 of defendant's answer, and prays that the court fix the amount to be so paid." The record fails to show what objection was urged to the allowance of this amendment.

The motion for new trial complains that the court erred in admitting in evidence what was called the supplement to the contract, over the objection that the defendant merely offered to prove the handwriting of the witness thereto, the maker and the witness both being deceased. In other grounds of the motion error was assigned upon instructions to the jury agreeing with the defendant's contention as to where Mattie Duke should reside in order that he should be required to maintain and support her, and as to the claimed right of the defendant to pay "the currency value of the property" if the issue as to breach should go against him.

The evidence showed, without dispute, that the circumstances of the execution of the contracts were as alleged in the defendant's

answer; and the evidence as a whole authorized the verdict in his favor. Under the rulings stated in the headnotes, there was no error hurtful to the plaintiff. The court did not err in refusing a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*