CRAWFORD *v.* SCHAEFER *et al.*

No. 10454. September 20, 1935. Rehearing denied October 3, 1935.

*J. B. Jones* and *Roberts & Nall,* for plaintiff.

*E. E. Andrews, Winston Owen, Wheeler & Kenyon,* and *G. A. Johns,* for defendants.

RUSSELL, Chief Justice. After a laborious and painstaking consideration of the record and of the exhaustive briefs filed by eminent counsel for both sides, we have reached the conclusion that the learned judge erred in not sustaining the general demurrers to the answer. In the beginning of the answer it is admitted that "the plaintiff is the owner and legal holder of the note sued on; that it was executed by the defendants, and that the plaintiff would be entitled to recover the amount sued for, but for the facts hereinafter set forth." The answer was amended only by an elaboration of the facts stated in the original answer, and by a prayer that the Bank of Toccoa be made a party, and this amendment, allowed by the court, did not in any wise affect the real issue in the case. In other words, the amendment was germane to the theory of the answer and to the reasons for reforming the plaintiff's note as originally alleged. The allowance of the amendment was in conformity to the view the court entertained, as appears from the judgment overruling the demurrers to the answer as a whole. The plaintiff did not move to make the bank a party, and can not except to the refusal of the court to make a new party on motion of the opposite parties.

In the view we take of this case, the question whether the Bank of Toccoa should have been made a party is immaterial to an adjudication of the controlling questions in the case. The first of these is whether the answer set forth a meritorious defense to the plaintiff's suit. The answer was a cross-action, in which the intervention of equity was asked to reform the note sued on, so as to transform the instrument into one which imposed only conditional liability upon the defendants, instead of unconditional liability. The answer set up that the note held by the plaintiff was subject to conditions stated. The question then arises as to whether the allegations of the answer afforded ground for a reformation, under the facts alleged. The note contains no limitation qualifying the liability of the makers. On its face it is a plain, unconditional, joint promissory note. The defendants attempted to reform it on the ground of a mutual mistake, so as to incorporate the terms of the resolution previously adopted by the board of directors, whereby the liability of each maker would be limited and determined by the number of shares of stock held by him, and by other conditions. Construing the allegations of the answer most strongly against the defendants, as must be done on demurrer, it is clearly apparent that the terms of the resolution were not omitted from the note by reason of any accident or mistake on the part of any one. It appears that a note had been drawn by Mr. Barrett, substantially embracing the terms of the resolution, but that each and all of the defendants knew that this note had been lost or misplaced, and that despite this knowledge the new note was drawn as a substitute for the previous one, and it was then and there signed by all the parties with actual knowledge of its unconditional character. The answer discloses no reason why the conditions inserted in the first note were not likewise contained in the second note, except the following: The second note was drawn by one of the defendants, Williams, in lieu of the first note, and he, by inadvertence and mistake, omitted the conditions stated in the first note. By an amendment the defendants alleged: "At the time these defendants signed the note sued on, they were advised by the said Fermor Barrett that it did not bind them personally to the plaintiff, but that they were only obligating the Bank of Toccoa to pay said note in accordance with the agreement hereinbefore pleaded; and these defendants as well as the plaintiff understood and believed that said obligation was

to be paid by what could be collected on the assets removed from the bank and an assessment against the stockholders pro rata to make good the impairment for which the money was advanced by him the said M. Crawford, and that the note and contract as signed would accomplish this result; and a failure to insert in said note language sufficient for that purpose was and is a mistake of the draftsman J. H. Williams, who prepared the note now sued on after the one originally prepared by said Fermor Barrett had been lost, as well as a mistake upon the part of both the plaintiff and these defendants; and said note now sued on does not express the agreement as actually made by the parties thereto." Under these circumstances there was no mistake of fact nor was there any accident. The note in plain terms stated: "June 1, 1927, next after date, for value received, we promise to pay to M. Crawford, or order, twenty-four thousand four hundred sixty-four and no/100 dollars, payable at the Bank of Toccoa, Toccoa, Ga., with interest from date at eight per cent. per annum." The defendants signed with their eyes open. The language of this note was such that the parties could not have mistaken its legal import. The defendants are presumed to have known the law. It is not alleged that they were ignorant of the law. The answer discloses no reason why the defendants should have accepted the advice of an attorney so palpably contrary to the positive language of the promise to which they subscribed their signatures. If the answer can be considered as an attempt to plead a mutual mistake of law, it would still be insufficient to show sufficient grounds for the equitable relief prayed for.

So far as the answer attempted to plead a want or failure of consideration it was wholly deficient in law. M. Crawford agreed to pay into the treasury of the bank about $43,000 to restore the impairment of the capital stock of the bank, in order to prevent the closing of the bank; and the defendants executed the note in consideration of this action on the part of Crawford. The defendants, as stockholders and directors, were interested in sustaining the bank as a going concern, and the consideration thus flowed indirectly to each of them and directly from the payee. Either circumstance would be sufficient to constitute a valid consideration for their promise. Crawford parted with his money upon the promise of these defendants to pay in accordance with the terms of

the note sued on. A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise. Both of these elements were present in this note.

Other matters alleged in the answer, such as the failure of Crawford to use diligence in collecting the assets of the bank and applying the proceeds upon this note, vanish from the case with the ruling that the allegations were insufficient to present a case for reformation. This is true because, unless the note can be reformed as prayed, the defendants are not let into their claim of a breach or default on the part of Crawford of his obligation to collect such assets.

Since the court erred in refusing to sustain the general demurrers to the answer, the errors alleged to have been committed on the trial will not be considered.

*Judgment reversed. All the Justices concur, except Hutcheson, J., who dissents.*