## McCOLLUM *v.* LOVELESS.

No. 12584.   November 16, 1938.

*A. C. Corbett* and *Howard, Tiller & Howard,* for plaintiff in error.

*H. A. Etheridge,* contra.

GRICE, Justice. ■ The plaintiff was not a party to the deed he seeks to have reformed; but that makes no difference, since he was a privy in estate (Code, § 37-213); and under a well-known principle of law contained in the Code, § 37-215, the allegations of the petition show a state of facts which entitled him to reformation: "If the form of conveyance shall be, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." As was stated in the early case of *Wyche* v. *Greene,* 16 *Ga.* 49, quoted approvingly in *Green* v. *Johnson,* 153 *Ga.* 738, 749-750 (113 S. E. 402), "In every case under this head of the law, the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? Is it their agreement? If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true bargain between the parties. And it is wholly immaterial from what cause the defective execution of the intent of the parties originated."

■ Had the petition alleged nothing more than that the insertion of the words "Sarah J. Mosby estate" was by mutual mistake of all parties, then the ruling in *Dover* v. *Burns,* 186 *Ga.* 19 (196 S. E. 785), would be applicable, to the effect that no sufficient facts are averred to entitle the complaining party to reformation on the ground of mutual mistake. The pleader in the instant case, however, goes further than merely to allege the conclusion that the words were inserted by mutual mistake, but sets forth facts showing how the mistake was made and by whom. In *Jackson* v. *McCalla,* 133 *Ga.* 749 (66 S. E. 918), it appeared that Mrs. M. A. McCalla, as the administratrix of the estate of J. W. McCalla, deceased, brought a suit in equity against John Jackson as maker, and G. G. Rucker as indorser, of two promissory notes payable to Mrs. M. A. McCalla individually, alleging that the notes were thus made payable by mistake of all the parties, and that they should have been made payable to her as administratrix of the intestate; and prayed to reform the notes so that they would be thus payable. It was held that the petition was not subject to general or special demurrer on any ground presented. As pointed out by Fish, Chief

Justice, in *Kight* v. *Gaskin*, 139 *Ga.* 379, 385 (77 S. E. 390), one of the grounds of special demurrer was that the petition failed to allege "in what way it [the mistake] arose." The case last cited is also an authority for the ruling that the petition now under review does sufficiently set forth how the alleged mutual mistake occurred, and what brought it about.

■ The principle stated in the third note, which is taken verbatim from the Code, was codified from the decision in *Werner* v. *Rawson*, 89 *Ga.* 619 (15 S. E. 813), which was largely based on a statement of the general principle given by the author of Pomeroy's Equity Jurisprudence. The ruling is well fortified by the authorities generally, and was applied in *Green* v. *Johnson*, 153 *Ga.* 738 (113 S. E. 402), and in *Cain* v. *Varnadore*, 171 *Ga.* 497 (156 S. E. 216). The principle is applicable here. If the allegations of the petition be founded on fact, the defendant will not be prejudiced by the reformation of the deed so as to make it speak the truth. The relief here sought is not based on fraud, but on mutual mistake. Therefore cases cited by plaintiff in error, which deal with the proposition that equity will not reform a written contract on account of fraud, the fraud consisting of false representations as to its contents on which the complaining party relied when there was no reason to justify him in so relying, are not in point. The decisions in *Guinn* v. *Marshall*, 156 *Ga.* 480 (119 S. E. 397), *Paris* v. *Treadaway*, 166 *Ga.* 138 (142 S. E. 693), and *Martin* v. *Turner*, 166 *Ga.* 293 (143 S. E. 239), were each based on a state of facts different from that disclosed on the face of the petition in the instant case. Nor do the cases of *Atlanta Trust & Banking Co.* v. *Nelms*, 116 *Ga.* 915 (43 S. E. 380), *Woodside* v. *Lippold*, 113 *Ga.* 877 (39 S. E. 400, 84 Am. St. R. 267), *Boyd Lumber Co.* v. *Mills*, 146 *Ga.* 794 (92 S. E. 534, L. R. A. 1918A 1154), relied on by counsel, contain anything different from what we now rule.

■ It is insisted in the brief for the plaintiff in error that under the allegations of the petition it is shown that there is no such person as "Sarah J. Mosby Estate," and therefore that the deed is void for want of a grantee having a legal entity, and being void it can not be reformed. The authorities generally support the premise on which this contention is founded, but the premise itself is unsound. It was merely decided, in *McCollum* v. *Loveless*, 185 *Ga.* 748 (196 S. E. 430), which case dealt with the identical deed

here sought to be reformed, that the deed was prima facie void. Under the allegations of the petition in the instant case the deed is not void.

What we have ruled in the foregoing divisions of this opinion, when applied to those grounds of the special demurrer which the court overruled, results in our affirmance of the rulings referred to, and in the overruling of the general demurrer.

*Judgment affirmed. All the Justices concur.*