GIBBS *v.* H. T. HENNING COMPANY INCORPORATED.

No. 12977.   FEBRUARY 16, 1940.

*H. A. Woodward* and *W. K. Miller,* for plaintiff in error.
*Lee, Congdon & Fulcher,* contra.

BELL, Justice.   1.   In the instant suit for damages by the purchaser against the seller, for alleged breach of a contract for the sale of junk consisting of "automobile scraps," a provision in the contract that the buyer "will remove the entire accumulation in sixty working days beginning not later than February 23, 1937," was construed by the Court of Appeals as permitting removal by the purchaser at any time within sixty working days after February 23, 1937, and not as meaning that the buyer must begin removal by that date. *Gibbs* v. *Henning,* 57 *Ga. App.* 667 (196 S. E. 92). This ruling, which was made on exceptions by the seller to the overruling of his demurrer to the petition, is binding upon the parties as the law of the case, so far as related to the same or substantially identical facts.

2.   After the decision by the Court of Appeals the seller offered to amend his answer by alleging that the contract as written and. as construed by the court is not the agreement actually made by the defendant with the plaintiff; that after a cash price had been agreed on the purchaser dictated a form of contract to which the seller objected on the ground that the date of payment had been omitted, "it being the express understanding of the parties" that inasmuch as the seller would have to incur expense in tearing down old automobiles and separating the parts sold from those which were not sold, the seller should be promptly reimbursed for all of such expenditures by payment for the junk thus made ready for delivery and acceptance; and February 23, 1937, was thereupon fixed and agreed upon as the time when the plaintiff as purchaser would "begin said removal and make such payment, and such date was then inserted in the contract [by the purchaser] as carrying out that agreement as made." The amendment further alleged "that the contract as written was intended by the parties to carry out this agreement" as to removal and payment; that such was

the mutual understanding of the parties, and that the contract as written and as construed by the court does not express the true agreement between the parties, "is the result of a mutual mistake, and is not the contract made by the defendant with plaintiff" as to the time of beginning such removal and payment; that the "plaintiff stated" that such was the meaning of the contract as drawn "by him for his company, . . and defendant also so understood such contract." The amendment contained a prayer "that the contract sued on be reformed as stated and made to carry out said intention of the parties thereto as to the cash sale in question, and that when so reformed that said contract be rescinded or canceled because the plaintiff failed to accept and pay for said accumulation on February 23, 1937, as made ready by the defendant . . for such delivery and payment, . . and defendant will ever pray." *Held,* that as against a general demurrer this amendment to the answer alleged a mutual mistake of law as to the meaning of the contract, and showed cause for relief in equity for the purpose of effectuating the true intention of the parties. Code, §§ 37-203, 37-204, 37-205, 37-215; *Wyche* v. *Greene,* 16 *Ga.* 49; *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642) ; *Clayton* v. *Bussey,* 30 Ga. 946 (76 Am. D. 680) ; *White & Hamilton Lumber Co.* v. *Foster,* 157 *Ga.* 492 (122 S. E. 29) ; *McCollum* v. *Loveless,* 187 *Ga.* 262 (200 S. E. 115) ; *Reeves* v. *Daniel,* 143 *Ga.* 569 (2) (85 S. E. 756) ; *Brooks* v. *Folds,* 33 *Ga. App.* 409 (126 S. E. 554).

(*a*) Under the specific allegations of fact, the amendment was not subject to general demurrer as failing to show the particular mistake and how it occurred, or because it did not allege what particular provision of the agreement, if any, was inserted or omitted by reason of mistake. *Allen* v. *Elder,* 76 *Ga.* 674 (2 Am. St. R. 63) ; *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (3, 4) (54 S. E. 706, 28 L. R. A. (N. S.) 785) ; *Richardson* v. *Perrin,* 137 *Ga.* 432 (73 S. E. 649) ; 53 C. J. 935, § 56. The case differs on its facts from the following and similar cases, in which the claims for equitable relief were based upon less specific allegations of fact and largely upon conclusions of law. *Newell* v. *Stiles,* 21 *Ga.* 118; *Guinn* v. *Marshall,* 156 *Ga.* 480 (119 S. E. 397) ; *Frank* v. *Nathan,* 159 *Ga.* 202 (125 S. E. 66) ; *Martin* v. *Turner,* 166 *Ga.* 293, 295 (143 S. E. 239) ; *Crawford* v. *Schaefer,* 181 *Ga.* 221 (181 S. E. 587) ; *Dover* v. *Burns,* 186 *Ga.* 19 (196 S. E. 785) ; *Helton* v.

*Shellnut,* 186 *Ga.* 185 (197 S. E. 285)'; *Rawson* v. *Brosnan,* 187 *Ga.* 624 (1 S. E. 2d, 423).

(*b*) The amendment did not show such negligence on the part of the defendant as to bar the equitable relief sought. Code, § 37-212; *Green* v. *Johnson,* 153 *Ga.* 738 (3) (113 S. E. 402); *Dollar* v. *Fred W. Amend Co.,* 184 *Ga.* 432 (191 S. E. 696); *Mc-Collum* v. *Loveless,* supra. Contrast *Baker* v. *Patton,* 144 *Ga.* 502 (87 S. E. 659).

(*c*) The allegations of the answer and the proposed amendment were sufficient to show that if the contract is made to conform to the true intention of the parties the seller was released by the breach of the buyer in failing to begin removal of the property and payment within the time agreed upon, and that unless equitable relief is granted such mutual mistake will result in gross injustice to the defendant and unconscionable advantage to the plaintiff, in that the defendant will be deprived of a substantial and meritorious defense to which he is entitled according to such allegations. Code, §§ 20-902, 20-903, 20-904, 37-204, 37-215; *Booth* v. *Saffold,* 46 *Ga.* 278; *Tyus* v. *Duke,* 178 *Ga.* 800 (2) (174 S. E. 527); *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (6) (62 S. E. 198); *Sinclair Refining Co.* v. *Davis,* 47 *Ga. App.* 601 (171 S. E. 150); *City of Atlanta* v. *Wise,* 51 *Ga. App.* 941, 944 (181 S. E. 882).

(*d*) Even if under the allegations of the answer as amended the defendant may not be entitled to rescission or cancellation as prayed, the amendment was not for this reason subject to general demurrer. Code, § 20-907. "A suitor is not to be turned out of court for his much praying." *Kupferman* v. *McGehee,* 63 *Ga.* 250 (7), 260.

(*e*) Under the foregoing rulings, the judge erred in sustaining the demurrer and disallowing the amendment.

3. The court did not err in disallowing in part a further amendment to the answer based upon the claim of fraud, the allegations of this amendment being insufficient to show any fraud upon the part of the plaintiff.

4. There is no merit in the defendant's contention, presented in different forms in the present record, that the subject-matter of the contract was not sufficiently described or identified. Regardless of other considerations, the decision of the Court of Appeals is binding as the law of the case upon this question.

5. The plaintiff company was not entitled to recover the expense incurred by it in preparing to remove the property according to the contract, *in addition to* the profits which it claimed to have lost by refusal of the defendant to consummate the sale in conformity with the agreement. The court therefore erred in refusing the requested charge as set forth in ground 5 of the motion for new trial, and in giving the charge complained of in ground 6, each relating to the measure of damages. *Anderson* v. *Hilton*, 121 *Ga.* 688 (4) (49 S. E. 725); *Tygart* v. *Albritton*, 5 *Ga. App.* 412 (3) (63 S. E. 521).

(*a*) This ruling is not altered by the fact that the decision of the Court of Appeals affirmed the judgment overruling the demurrer to the petition, one ground of which was aimed at paragraph 5 of the petition, and presented the contention "that even if a contract existed with the plaintiff, [the defendant] is in no way responsible for [the plaintiff's] obligations or contract with" a third party named in the petition. The adjudication upon this ground of the demurrer determined only that the defendant was in *some way* responsible for the obligations or contract of the plaintiff with such third party, and did not determine the measure of damages: See *Johnson* v. *Wheelock*, 63 *Ga.* 624 (2); *Richmond Hosiery Mills* v. *Western Union Telegraph Co.*, 123 *Ga.* 216 (2) (51 S. E. 290), distinguishing *Georgia Northern Railway Co.* v. *Hutchins*, 119 *Ga.* 504 (46 S. E. 659).

*Judgment reversed. All the Justices concur.*