## W. P. BROWN AND SONS LUMBER COMPANY v. ECHOLS et al.

No. 15348. JANUARY 16, 1946.

286

*Henry J. Fullbright Jr.,* for plaintiff in error.
*James Maddox,* contra.

WYATT, Justice. ■ "A court of equity will reform a contract of sale when, from mutual mistake or mistake common to both

parties, an instrument does not express the true agreement of the parties. Equity will also reform an instrument where there is ignorance or mistake on one side and fraud or inequitable conduct on the other." *Gibson* v. *Alford,* 161 *Ga.* 672, 682 (132 S. E. 442). In the first instance, negligence of the complaining party in ascertaining the contents of the instrument sought to be reformed will not necessarily preclude reformation of the instrument, while in the last instance due diligence must be shown by the complaining party before the instrument will be reformed. *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402).

The petition in the instant case fails to allege a cause of action for reformation of the deed on the ground of mistake on the part of the complaining parties and fraud on the part of the defendant. It is not alleged that the complaining parties were illiterate or unable to read; nor is it shown why the deed could not have been signed at a later date. Nor is it alleged that any artful, deceitful, or fraudulent means were employed to induce the complaining parties to sign the deed before reading it. By the exercise of the slightest diligence the plaintiffs could have apprised themselves of the contents of the deed. Their excuse that, believing the deed to contain the true agreement, and because of their old age, illness, infirmities, almost complete physical exhaustion, and their hurry to return to their home, they signed the deed without reading it, is insufficient to relieve them of their negligence in failing to read the deed. See, in this connection, *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Baker* v. *Patton,* 144 *Ga.* 502 (87 S. E. 659); *Paris* v. *Treadaway,* 166 *Ga.* 138 (142 S. E. 693); *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d, 788). Had the petition alleged artful, deceitful, or fraudulent conduct by the defendant or its agents to procure the signatures of the complaining parties before they had an opportunity to read the instrument, a different case might have been alleged (*Walton Guano Co.* v. *Copelan,* supra); but, the petition showing no such conduct on the part of the defendant or its agents and negligence on the part of the complaining parties, the allegations are insufficient to allege a cause of action for reformation on the ground of mistake on one side and fraud on the other.

It is insisted by the plaintiffs that the petition is based on the ground of mutual mistake and sets forth a cause of

action on this ground. The petition alleges: "The execution of said deed was through a mutual mistake of both parties, arising out of the misunderstanding of the scrivener in that he simply copied the description in the old deed whereby petitioners obtained title to said land, and failed to except said sixteen-acre tract or that the agent and employees of the defendant misrepresented the agreement and contract between said parties to the said Brinson and instructed him to draw said deed, following the description in the deed which was turned over to the defendant by petitioners for the purpose of checking title thereto."

Ordinarily the question of duplicity in pleading must be raised by special demurrer, but there is an exception to this rule. Where material averments are made in the alternative or disjunctive, and any one of them is insufficient, the entire pleading is to that extent bad in substance and subject to general attack by demurrer or motion. *Doyal* v. *Russell,* 183 *Ga.* 518 (189 S. E. 32); *Groover* v. *Savannah Bank &c. Co.,* 186 *Ga.* 476 (198 S. E. 217); *Consolidated Distributors Inc.* v. *Atlanta,* 193 *Ga.* 853, 857 (20 S. E. 2d, 421). If all inconsistent, disjunctive, or alternative allegations of a petition, considered in connection with other allegations, are sufficient to allege a cause of action, the petition might be subject to a special demurrer for duplicity, but not a general demurrer; but, applying the well-recognized rule that the allegations of a petition must be construed most strongly against the pleader, "Where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader; so that, if two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, and if any one of several averments alleged in the alternative is insufficient to state a cause of action, the entire pleading is bad and subject to general demurrer." *Consolidated Distributors Inc.* v. *Atlanta,* supra.

In the instant case, the allegation of mutual mistake arising by reason of an error in description made by the scrivener might, standing alone, be sufficient to allege, as against a general demurrer, a mutual mistake of the parties, for a petition for reformation will lie where by mistake of a scrivener and oversight of the parties a writing does not express the real contract between the

parties (*Smith* v. *Smith,* 74 *Ga.* 404; *Kitchens* v. *Usry,* 121 *Ga.* 294, 48 S. E. 945; *Cheatham* v. *Palmer,* 178 *Ga.* 223, 172 S. E. 462; *McCollum* v. *Loveless,* 187 *Ga.* 262, 200 S. E. 115) ; but the further disjunctive and inconsistent allegation that the mistake in the deed arose by reason of misrepresentations of the agent of the defendant to the attorney who drew the deed directly negatives a mutual mistake. If this allegation be true, the mistake in the deed was not a mutual one, and the petition sets forth no cause of action.

Construing the petition most strongly against the pleader, and applying the foregoing rules, it thus appears that, under one of the two alleged alternatives in reference to the execution of the deed, the averments are insufficient to allege a cause of action. The court erred in not sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*