MULKEY *v.* SPICER *et al.*

No. 15891. JULY 10, 1947. REHEARING DENIED JULY 22, 1947.

J. *Guy Roberts* and *Dunaway, Riley & Howard,* for plaintiff.

*Albert E. Mayer, Herbert Johnson,* and *Calhoun & Calhoun,* for defendants.

WYATT, Justice. 1. It is strongly urged that the plaintiff in error is not entitled to have the instrument in question reformed for the reason that it does not appear that he was diligent. It is contended that, if he could read, he should have read.

In *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402), Mr. Justice Hines, speaking for the court, collected and differentiated in a very able manner the authorities up to that time on the question of diligence in a case of this kind. After discussing at length the authorities, the court expressed its conclusion in that case as follows: "Equity will not lend its aid to reform a written contract because of mistake as to its contents on the part of a complaining party who was able to read, and fraud of the other party which consisted only in making false representations as to such contents, on which the complaining party relied as true because of confidence in the party making them, no confidential relation existing between the parties, and no sufficient excuse appearing why the complaining party did not read the instrument; but this principle does not apply to actions for the reformation of instruments which, by mutual mistake, do not evidence the true agreement of the parties. . . In all cases where the form of the conveyance or instrument is, by mutual mistake, contrary to the intention of the parties in their contract, equity will interfere to make it conform thereto. . . Reformation may be granted even in cases of negligence by the party complaining, if it appear that the other party has not been prejudiced thereby." This ruling has been cited many times with approval. In *Cheatham* v. *Palmer,* 178 *Ga.* 223 (172 S. E. 462), a case in which reformation was sought because of the alleged mistake of the scrivener in preparing a written instrument, the court held: "The petition alleges that by mutual mistake of the parties a deed executed by petitioners to the defendant does not express the intention of the parties to the contract, and prays for reformation of the instrument. Such petition was not subject to a general demurrer. Civil Code (1910), §§ 4567, 4578; *Green* v. *Johnson,* 153 *Ga.* 738 (4) (113 S. E. 402)." This court, in *McCol-*

*lum* v. *Loveless,* 187 *Ga.* 262, 267 (200 S. E. 115), dealing with the question of diligence by the complaining party where reformation is sought, held: "The principle stated in the third note, which is taken verbatim from the Code [§ 37-212], was codified from the decision in *Werner* v. *Rawson,* 89 *Ga.* 619 (15 S. E. 813), which was largely based on a statement of the general principle given by the author of Pomeroy's Equity Jurisprudence. The ruling is well fortified by the authorities generally, and was applied in *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402), and in *Cain* v. *Varnadore,* 171 *Ga.* 497 (156 S. E. 216). The principle is applicable here. If the allegations of the petition be founded on fact, the defendant will not be prejudiced by the reformation of the deed so as to make it speak the truth. The relief here sought is not based on fraud, but on mutual mistake. Therefore cases cited by the plaintiff in error, which deal with the proposition that equity will not reform a written contract on account of fraud, the fraud consisting of false representations as to its contents on which the complaining party relied when there was no reason to justify him in so relying, are not in point." See also *Steadham* v. *Cobb,* 186 *Ga.* 30 (196 S. E. 730); *Hill* v. *Agnew,* 199 *Ga.* 644 (34 S. E. 2d, 702); *W. P. Brown & Sons Lumber Co.* v. *Echols,* 200 *Ga.* 284 (36 S. E. 2d, 762).

The allegations with reference to mutual mistake were sufficient as against a general demurrer. An inadvertent mistake by a scrivener, unknown to the parties, is a mutual mistake as between the parties; and "a petition for reformation will lie where by mistake of a scrivener and oversight of the parties a writing does not express the real contract between the parties." *W. P. Brown & Sons Lumber Co.* v. *Echols,* supra.

We think that the allegations of the petition as amended bring this case squarely within the rules of law announced in the above-cited authorities; and the petition was not, therefore, subject to dismissal on general demurrer.

2. It is further contended that the contract cannot be reformed as to one of the defendants, for the reason that he was not present when the contract was executed and did not participate in the negotiations, but simply signed the contract when it had been prepared and was later presented to him. The petition alleges that the contract was signed by a partnership composed of two partners,

and that one of the partners was present and participated in the preliminary negotiations, and was present when the contract was prepared. The other partner was, of course, bound by the action of this partner. See Code, §§ 75-202, 75-302. And the fact that the other partner later signed the contract in nowise negatives the theory of a mutual mistake as between the plaintiff on the one hand and the partnership on the other.

It follows from what has been said above that it was error to sustain a general demurrer and dismiss the petition.

*Judgment reversed. All the Justices concur.*