## MARSHALL *v.* MARSHALL *et al.*

No. 17635. ARGUED OCTOBER 10, 1951—DECIDED NOVEMBER 15, 1951.

528

*Bill A. Shirley, Gordon A. Smith, Alton T. Milam, John W. Ellis,* and *Dewell C. Ireland,* for plaintiff.

*Grant, Wiggins, Grizzard & Smith* and *A. T. Walden,* for defendants.

HEAD, Justice. ■ The first ground of amendment to the motion for new trial shows that the verdict of the jury and judgment of the court were rendered on December 8, 1950, in lieu of December 7, 1950, as shown in the original motion for new trial.

The second ground asserts that the court erred in charging the jury that the allegations with reference to James D. Love "are no longer involved in this petition, and would not be considered by you." The petitioner contends that, when this court reversed the judgment in the former trial, without giving any specific directions concerning the defendant, James D. Love, a new trial of the case was a de novo investigation, and James D. Love was a necessary party defendant.

On the former trial of the case the jury returned a verdict finding that the deed from Marshall to his wife was a forgery, and that James D. Love was not indebted to Marshall in any amount. Georgia Savings Bank & Trust Company made a motion for new trial, which was overruled. In its bill of excep-

tions, assigning error on the overruling of the motion for new trial, Georgia Savings Bank & Trust Company also named as plaintiffs in error the defendants, Lucille Marshall and James D. Love. No exception was made by Marshall to the finding of the jury in favor of James D. Love. This court reversed the judgment of the trial court, overruling the motion for new trial made by Georgia Savings Bank & Trust Company, by reason of the exclusion of certain testimony of the defendant, Lucille Marshall.

The first verdict and judgment, which was in the petitioner's favor, having eliminated James D. Love as a party defendant, and the petitioner having apparently acquiesced therein, Love was out of the case, and the court properly ruled that no judgment could be obtained against him in the new trial. *Frankel v. Davison-Paxon Co.*, 51 *Ga. App.* 476 (180 S. E. 771). It was, therefore, not erroneous to charge the jury that the allegations of the petition concerning Love should not be considered by them.

Ground nine assigns error on the refusal of the court to allow counsel for the petitioner to continue to cross-examine Lucille Marshall in regard to the collection of rents by James D. Love during the time that Lucille Marshall was in the Georgia State Prison. Under the rulings above made, this evidence was not material to the issues in the case as it then stood, since Love had been eliminated as a party defendant, and the court did not err in refusing to allow counsel to continue such cross-examination of the witness.

■ All of the other grounds of the motion assign error on portions of the charge of the court dealing with the issue made by Georgia Savings Bank & Trust Company that Marshall was estopped from denying the lien of the company against the property, even if the jury believed that the deed was a forgery. Since the jury found that the deed was not a forgery, the instructions of the court on estoppel and laches, whether erroneous or not, would not require a reversal. It does not appear that such instructions were calculated to affect the finding of the jury on the question of forgery. *Edwards* v. *Block,* 73 *Ga.* 450 (3); *McBride* v. *Georgia Ry. & Elec. Co.,* 125 *Ga.* 515 (54 S. E. 674); *Tyus* v. *Duke,* 178 *Ga.* 800, 801 (6) (174 S. E. 527).

■

530

■ It was a question of fact for the jury as to whether or not the deed from Marshall to his wife was a forgery, and the court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed.   All the Justices concur.*