22505. BROOKS, Executrix, et al. v. SOUTHERN CLAYS, INC.

DYER, Judge. The plaintiffs, as executrix and heirs at law of J. T. F. Brooks deceased, filed a petition seeking to have a purported lease entered into by said J. T. F. Brooks, leasing certain mineral rights to the defendant, declared void. Said lease was executed in 1946 and the present action instituted in 1962. In the cross action the defendant sought to have the lease reformed to show a correct description of the premises leased. The original petition contained no allegation of a tender of the amounts paid to the plaintiffs and their prede-

cessor in title by the lessee nor did it seek to excuse such tender. However, after demurrers were filed but before any rulings thereon the plaintiffs amended by adding to each count of the petition allegations as to why they were not required to make a tender to the defendant. The trial court sustained the defendant's renewed and additional demurrers to the petition, including those which attacked the above allegations as being insufficient to show an exception to the general rule that before an instrument can be canceled the benefits received thereunder must be returned or tendered to the opposite party, but allowed the plaintiffs time in which to amend. The plaintiffs' second amendment sought to allege an additional exception to the general rule regarding tender, that the plaintiffs' damages exceeded the total amount of rentals received by the plaintiffs plus interest thereon at the legal rate. Thereafter, the defendant again renewed its original demurrers and filed additional demurrers and on March 14, 1964, the trial court dismissed the plaintiffs' petition upon the ground that the judgment on the original demurrers controlled the petition as amended. On the same date the trial court overruled a motion to dismiss the cross action. *Held:*

1. Under the decision in *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32), and cases there cited, the judgment sustaining the defendant's demurrers and allowing time to amend established as the law of the case that the petition together with the amendment, filed before such judgment was rendered, failed to set forth a cause of action.

2. The second amendment to the plaintiffs' petition failed to add facts which would bring the case within an exception to the general rule that before an instrument can be canceled the benefits received thereunder must be returned or tendered to the opposite party, *Code* § 37-104; *Miller v. Cotten,* 5 Ga. 341 (6), *Wilson v. McAteer,* 206 Ga. 835 (59 SE2d 252), and the cases relied upon by the plaintiffs, exemplified by *Dumas v. Dumas,* 206 Ga. 767 (58 SE2d 830), where the property was in the possession of the defendant and the plaintiff would be entitled under the prayers for the fair rental value of such property are not applicable, where the allegations show that the premises had been in the possession of the plaintiffs or their predecessor in title during the full term of the lease.

3. The defendant's cross action seeking to have the lease reformed to show the proper description of the property leased

set forth a cause of action, and was not subject to the plaintiffs' motion to dismiss, where it was alleged that the improper description was placed in the original lease under conditions showing a mutual mistake of the parties. See *Mulkey v. Spicer*, 202 Ga. 592 (43 SE2d 661), and citations.

*Judgment affirmed. Duckworth, C. J., Head, P. J., Candler, Almand, Quillian and Grice, JJ., and Judge Stonewall H. Dyer, concur. Mobley, J., disqualified.*

ARGUED JUNE 8, 1964—DECIDED JULY 9, 1964.

*George L. Jackson*, for plaintiffs in error.
*Martin, Snow, Grant & Napier, George C. Grant*, contra.