41084.   R. L. BASS, INC. v. BROWN.

Decided March 1, 1965.

*Watkins & Daniell, Alan E. Serby, Clyde W. Carver,* for plaintiff in error.

*Franklin B. Anderson, Jack M. Smith,* contra.

RUSSELL, Judge. ■ ■ The defendant contends that the redrafted petition added no new matter, was not material, and should therefore have been stricken and the petition dismissed. We grant that the redrafted petition added little if anything to the substance of the complaint; it did, however, greatly improve its form. We also recognize that the order of June 11, which was prior to the final order of September 25 to which exception is taken, sustained a demurrer on the ground that the petition was too vague and indefinite to set forth any claim against the defendant, and that such a demurrer, properly taken, may subject the complaint to dismissal. *Nance v. Daniel,* 183 Ga. 538 (189 SE 21); *Henderson v. Curtis,* 57 Ga. App. 892 (197 SE 65). If the order of June 11, that the petition was too vague to present any claim against the defendant is the law of the case that the petition at that time was subject to general demurrer, and if the redrafted petition failed to cure the defect, it would follow that the petition should have been dismissed, nothing else appearing. If it was a conditional order only, and the trial judge had a discretion to consider the redrafted petition on its merits regardless of the order of June 11, it would be a matter of no concern whether the redrafted petition added new matter or not. In cases where the court merely sustains a general demurrer with a given time in which to amend, without going further and providing that the petition in the absence of such amendment stands dismissed, the decisions of this court and the Supreme Court are at variance with each other. Discussions of particular cases in which the result depends on the exact wording of the prior order will be found in *Smith v. Bugg,* 35 Ga. App. 317 (133 SE 49) and *Hayes v. Simpson,* 83 Ga. App. 22 (62 SE2d 441). (All cases between 1952 when *Code Ann.* § 81-1001 was amended and the decision of *Northside Manor, Inc. v. Vann,* 219 Ga. 298, 133 SE2d 32, holding the amendment unconstitu-

tional are here deleted from discussion). The earliest case in point appears to be *Folsom v. Howell,* 94 Ga. 112 (21 SE 136) where the Supreme Court held that, the original order relating to the future rather than the present, "the whole petition was open for amendment within the time limited, and another demurrer afterwards filed to the petition as amended should have been overruled if the petition as a whole set forth a cause of action, whether the matter contained in the amendment aided it or not." On the other hand, the recent case of *Brooks v. Southern Clays, Inc.,* 220 Ga. 152 (137 SE2d 630) holds that "the judgment sustaining the defendant's demurrers and allowing time to amend established as the law of the case that the petition together with the amendment, filed before such judgment was rendered, failed to set forth a cause of action. The second amendment . . . failed to add facts which would bring the case within an exception to the general rule . . ." and it was not error to dismiss the petition as finally amended "upon the ground that the judgment on the original demurrers controlled the petition as amended." There is accordingly still some room for disagreement as to whether when a general demurrer is sustained with leave to amend, but without reciting that the petition unless amended is or will be dismissed, this becomes the law of the case that the petition prior to amendment is insufficient, or whether after an amendment is filed the court may readjudicate the sufficiency of the original petition without looking to the amendment to see whether it has cured the stated defect. Compare also *Clark v. S. F. C. Acceptance Corp.,* 109 Ga. App. 180 (135 SE2d 473) and *Strickland v. Hall,* 109 Ga. App. 822 (137 SE2d 520).

In this case, however, if the law of the case rule be applied to the order of June 11, it must be applied not only to the sustaining of the second ground of demurrer (lack of certainty) but to the overruling of the first ground of demurrer (no cause of action), and the conclusion must be reached that *prior to* the last amendment there was an adjudication to which no exception is taken that the petition, although vague and indefinite, did set out a cause of action, and it would not be error to overrule the motion to dismiss.

■ The same result is reached under the assumption that the court had the right to consider the redrafted petition on its merits. The petition set out an oral employment contract which was definite and specific both as to the duties of the employee and the obligations of the employer; a breach of certain of the contract provisions, and an unjustified dismissal. It further alleged damages by reason of the failure of the employer, after the dismissal, to pay the plaintiff commissions which had been earned by the plaintiff's efforts during his period of employment. A petition which sets out a cause of action for at least some of the relief sought is not subject to general demurrer. *Kinzy v. Waddell*, 203 Ga. 689 (47 SE2d 872). There was no error in overruling the motion to strike the amendment and the motion to dismiss.

■ The allegations that the defendant failed to comply with its contractual obligation to offer the plaintiff at the end of six months an opportunity to purchase 35% of the defendant's capital stock, and the allegations that it failed to comply with its obligation to purchase life, hospital and liability insurance, are attacked by demurrers 5 through 9 on the ground of surplusage and irrelevancy. "It is not improper to plead matters showing the history of the case or matters of inducement, and less certainty is required as to these than in setting out the gist of the action." *Southern Land, Timber &c. Corp. v. Davis & Floyd*, 109 Ga. App. 191, 201 (135 SE2d 454). These demurrers are without merit.

■ Special demurrers 3, 4, 9 and 10 seek to strike the plaintiff's allegations that he had developed information regarding the policy renewal dates of a selected list of prospective purchasers of insurance which were placed on cards in the possession of the defendant and which the defendant refused to return to him, and his prayer that he have an accounting as to the value of these cards. Paragraphs 9 and 10 of the petition reciting that the information on the cards is in the defendant's possession is relevant to his legitimate cause of action for commissions earned by him during the time he was working for the defendant, which would be determined on the trial of the case by proof that some or all of the persons contacted by him had

purchased insurance as the result of his efforts. If the cards have any value apart from this, however, their unlawful detention is not a part of the breach of contract action alleged because it does not appear that the compilation of a file of prospects was a part of the plaintiff's duties under the contract. Accordingly, demurrer 3 attacking the prayer for an accounting to determine the value of the cards, and demurrer 4 attacking the petition for duplicity in joining an action for money due under a contract with an action for monetary value of a card file unlawfully detained, the preparation of which was not a part of the contract, should have been sustained.

■ Paragraph 12 of the petition alleges that the plaintiff received an agreement from Commerce Transit Company that it would purchase certain policies of insurance from the defendant through him on November 22, 1962, on which plaintiff would be entitled to a commission of $1,700. As to this amount, there is no allegation that the purchase was made, or, if not made, that this was due to the fault of the defendant, nor is it alleged that the plaintiff would have earned the commission if the agreement were not consummated. The 13th demurrer which assailed this paragraph should have been sustained. The remaining special demurrers are without merit.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Jordan, J., concur.*